*My*

## IN THE CIRCUIT COURT OF PRINCE GEORGE'S COUNTY

### STATE OF MARYLAND

LARAY J BENTON
1900 SAINT GEORGE'S WAY
MITCHELLVILLE, MD 20721

Plaintiffs

v.

CASE NO. C-16-CV-23-003925

U.S. CONSUMER FINANCIAL PROTECTION BUREAU
Consumer Complaints Intake
1700 G St. NW
Washington, DC 20552

ANTHONY BROWN, MARYLAND ATTORNEY GENERAL
Consumer Protection Division
200 St. Paul Place
Baltimore, MD 21202

U.S. DEPARTMENT OF EDUCATION
OFFICE OF INSPECTOR GENERAL
Department of Education Building
400 Maryland Ave, SW
Washington, DC 20202

JEFFREY R. NOORDHOEK, CEO
NELNET, INC., NELNET BANK, NELNET BUSINESS SERVICES,
NATIONAL EDUCATION LOAN NETWORK, INC. & ALL SUBSIDIARIES
Lincoln Square
121 S 13th Street
Lincoln, Nebraska
WWW.NELNET.COM

AMERICAN EDUCATION SERVICES (AES)
1200 North 7th Street
Harrisburg, PA 17102
Fax: 717-720-3916
WWW.AESSUCCESS.ORG

PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA)
Office of Consumer Advocacy
1200 North 7th Street
Harrisburg, PA 17102
Fax: (717) 720-3786
WWW.PHEAA.ORG

1

IN THE CIRCUIT COURT OF PRINCE GEORGE'S COUNTY

STATE OF MARYLAND


LARAY J BENTON
1900 SAINT GEORGE'S WAY
MITCHELLVILLE, MD 20721

Plaintiffs

v.                                                      CASE NO.


JEFFREY R. NOORDHOEK, CEO
NELNET, INC., NELNET BANK, NELNET BUSINESS SERVICES,
NATIONAL EDUCATION LOAN NETWORK, INC. & ALL SUBSIDIARIES
Lincoln Square
121 S 13th Street
Lincoln, Nebraska
WWW.NELNET.COM

AMERICAN EDUCATION SERVICES (AES)
1200 North 7th Street
Harrisburg, PA 17102
Fax: 717-720-3916
WWW.AESSUCCESS.ORG

PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA)
Office of Consumer Advocacy
1200 North 7th Street
Harrisburg, PA 17102
Fax: (717) 720-3786
WWW.PHEAA.ORG

EQUIFAX INFORMATION SERVICES, LLC (EQUIFAX)
P.O BOX 740241
ATLANTA, GA 30374-0241
WWW.EQUIFAX.COM

EXPERIAN
National Consumer Assistance Center
P.O. Box 4500
Allen, TX 75013
WWW.EXPERIAN.COM

TRANSUNION CONSUMER SOLUTIONS (TRANSUNION)
Two Baldwin Place
1510 Chester Pike
Crum Lynne, PA 19022
WWW.TRANSUNION.COM

INNOVIS CONSUMER ASSISTANCE (INNOVIS)
P.O. Box 530088
Atlanta, GA 30353-0088

LEXISNEXIS CONSUMER CENTER (LEXISNEXIS)
P.O. Box 105108
Atlanta, GA 30348-5108

CORELOGIC FINANCIAL SERVICES
CREDCO / CORELOGIC
40 Pacifica, Suite 900
Irvine, CA 92618

Defendants

---

### COMPLAINT FOR DEFAMATION, BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, NEGLIGENCE, FRAUD, AND TORTIOUS INTERFERENCE IN VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA) AND THE MARYLAND CONSUMER CREDIT REPORTING AGENCIES ACT

---

NOW COMES Mr. LaRay J. Benton ("Plaintiff" and/or "Contract Purchaser" and/or "Buyer"),  and/or " citizens of the State of Georgia and/or person having specific contractual purchasing and ownership interest in real property located at or about 435 Montieth Road, Port Wentworth, GA 31407, approximately +/- 25 total combined acres of real property with Chatham County Tax Assessor's PIN Nos.              and              ("Subject Property" and/or "Real Property").  Mr. Benton is also a PhD Doctorial Student at Howard University and Nuclear Physicist by profession, and I'm sending this letter and/or correspondence formally disputing several inaccurate, aged, and duplicate information that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and any other Credit Reporting Agencies (individually and/or collectively the "CRA" and/or "Defendant" and "Disputed Account Holders" ) have falsely, fraudulently, and with malicious intent in "Bad Faith" have reported on

2

my personal Credit File, which has caused me irreparable harm, emotional harm and distress, damages, loss of income and employment, and loss of being extended "Credit Opportunities" over the last 5 years.

Pursuant to the federal Fair Credit Reporting Act and the Maryland Consumer Credit Reporting Agencies Act, and as supported by the enclosed supporting documentation, I demand that ALL Federal, State, and Local agencies and Disputed Account Holders IMMEDIATELY remove the following accounts from my credit profile pursuant to the "Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq. as these accounts/reports are either INACCURATED, AGED, DUPLICATE ACCOUNTS, and/or NOT MINE but are still being negatively reported on my credit file.

## I.   **BACKGROUND**

Over the last five (5) years I, LaRay J. Benton ("Consumer" and/or "Plaintiff"), have been DENIED access to extended credit opportunities via Credit Cards, Lines of Credit for my Businesses, and even been denied employment and professional advancement opportunities because of the numerous, egregious, fraudulent, unauthenticated, and negligently reported INACCURATED, AGED, DUPLICATE ACCOUNTS, and/or NOT MINE but are still being negatively reported on my credit file. These negative reports has caused me irreparable harm, emotional harm and distress, damages, loss of income and loss of employment opportunities via my inability to have my "Secret" level security clearance restored because of the fraudulently perceived "Bad Credit" image that has been falsely stained my character by NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and other Credit Reporting Agencies (individually and/or collectively the "CRA" and/or "Defendant" and "Disputed Account Holders" ), all in clear violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq. and the Maryland Consumer Credit Reporting Agencies Act, Annotated Code of Maryland, Commercial Law Article, § 14-1201, et seq.

I recently applied for a Commercial Realestate Loan for a property that I was looking to purchase for my business and potentially build a primary homesite for me and my family in my hometown of Port

Wentworth, GA. HOWEVER, I have been DENIED the extension of credit by the lending institution because Equifax 1) reported by "Credit Score" to them at a 593 rating; and 2) have negatively and falsely reported me having over 229 instances of "DELINQUENCIES" and/or "LATE PAYMENTS" over 90 days, which is wholly INACCURATE and mathematically IMPOSSIBLE!!!! See Exhibits A & B.

I've constantly disputed the accuracy of the information in my credit file over the last 5 years. After reviewing my credit report, I am writing to dispute the following inaccurate information. I am listing each item along with the way it should be IMMEDIATELY corrected as follows:

## II.  HISTORY OF CONSUMER'S EDUCATION / STUDENT LOANS BEING INITIATED, SERVICED, SOLD, AND RESOLD BY AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA) & NATIONAL EDUCATION LOAN NETWORK, INC. (NELNET) LOAN SERVICING COMPANIES CAUSING IRREPARABLE HARM TO CONSUMER

I graduated from Wofford College in May 2003 with my B.S. in Physics with ZERO Student Loan debt because I had a FULL FOOTBALL SCHOLARSHIP!!

I then graduated from North Carolina A&T State University in May 2006 with my M.S. in Nuclear Physics, again, with ZERO Student Loan debt because I had a FULL NUCLEAR PHYSICS SCHOLARSHIP!!

I began my Physics Doctorial program part-time in August 2008. According to my Howard University Student Account printout by Term, I ONLY OWE A TOTAL OF $98,992.00 in total Student Loan Debt… and ALL of it has been at Howard University for my Physics Doctorial program!!!

When I secured my initial student loans through Howard University, AMERICAN EDUCATOIN SERVICES (AES) was the initial loan servicer for my student loans on behalf of the U.S. Department of Education. Then after about two years, my student loans were SOLD / TRANSFERRED from AES to PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA) as the new owner and/or "Servicer" of the student loans.  This is documented via Exhibit A, Pages 6 – 10, for all of the following student loan accounts:



1) #7 - US DEPARTMENT OF EDU ▮▮▮▮ - $3,455
2) #8 - US DEPARTMENT OF EDU ▮▮▮▮ - $8,500
3) #9 - US DEPARTMENT OF EDU ▮▮▮▮ - $12,000

4



*4)  #10 - US DEPARTMENT OF EDU* — *$9,332*
*5)  #11 - US DEPARTMENT OF EDU* — *$10,250*
*6)  #12 - US DEPARTMENT OF EDU* — *$8,500*
*7)  #13 - US DEPARTMENT OF EDU* — *$20,500*
*8)  #14 - US DEPARTMENT OF EDU* — *$10,250*

The collective loan amounts borrowed from AES, which were eventually transferred to PHEAA, totals

*$82,787.00* which is directly consistent with the student loan amounts shown on my Howard University

Account Summary by Term, enclosed as Exhibit C.

Beginning around fiscal year 2015 or so, my student loans were again SOLD / TRANSFERRED

from PHEAA as the owner and/or loan servicer over to NATIONAL EDUCATION LOAN NETWORK,

INC. (NELNET), who is now the current loan servicer for my student loans on the behalf of the U.S.

Department of Education.  HOWER, when my student loans were received by NELNET they

*ASSIGNED NEW ACCOUNT NUMBERS TO MY LOANS WHICH CREATED NEW AND*

*DUPLICATE "INSTALLMENT ACCOUNTS" TO SHOW UP ON MY CREDIT PROFILE!!!* This is

documented via Exhibit A, Pages 10 – 13, for all of the following student loan accounts:



*1)  #15 - DEPT OF ED/NELNET* — *$20,500*
*2)  #16 - DEPT OF ED/NELNET* — *$8,500*
*3)  #17 - DEPT OF ED/NELNET* — *$9,332*
*4)  #18 - DEPT OF ED/NELNET* — *$8,500*
*5)  #19 - DEPT OF ED/NELNET* — *$3,455*
*6)  #20 - DEPT OF ED/NELNET* — *$12,000*
*7)  #21 - DEPT OF ED/NELNET* — *$10,250*
*8)  #22 - DEPT OF ED/NELNET* — *$10,250*

The collective loan value of these student loan installment accounts owned and/or serviced by NELNET

totals *$82,787.00...* which again is the EXACT TOTAL for the SAME eight (8) installment accounts as

listed above that were transferred over to them from AES and PHEAA!!!  Additionally both AES and

PHEAA still continued to negligently report the same accounts which they previously SOLD to NELNET

on my credit profile which has now created DUPLICATE ACCOUNTS for the EXACT SAME

STUDENT LOAN ACCOUNTS which has surely injured and caused irreparable harm to the consumer

for the last 10 years at a minimum and continuing to date.

Lastly, in June 2020 I took advantage of the COVID-19 offer by the U.S. Department of Education to both 1) Consolidate my current Student Loans; and 2) to have all of my student loan Payments deferred until AFTER the worldwide pandemic and National Emergency had been lifted by Congress via the CARES Act. As such, I consolidated ALL of my student loan debt directly with the DEPARTMENT OF EDUCATION as the owner and creditor of my new CONSOLIDATED student loans. NELNET is still the current "Loan Servicer" of my student loans on the behalf of the U.S. Department of Education. See Exhibits J & K. This is documented via Exhibit A, Page 5, for all the following student loan accounts which initially appeared on my credit profile on June 2, 2020:



1) **#3 - DEPT OF ED/NELNET** ▮▮▮▮▮ - ▮▮▮▮▮ - *$61,151*
2) **#4 - DEPT OF ED/NELNET** ▮▮▮▮▮ - ▮▮▮▮▮ - *$113,803*

The collective loan value of these newly CONSOLIDATED student loan installment accounts now owned EXCLUSIVELY by the U.S. Department of Education, and now serviced by NELNET totals *$174,954.00...* which again appears to be inclusive of the U.S. Department of Education FRAUDULENTLY PAY FOR THE VALUE OF MY STUDENT LOANS THREE (3) TIMES TO EACH OF THE AES, PHEAA, AND NELNET STUDENT LOAN SERVICERS!!!! As such, the Federal Government has already PAID IN FULL and CLOSED all of the SAME 16 student loan installment accounts as listed above that were transferred over to the Federal government from NELNET, AES and PHEAA!!! UNFORTUNATELY, NELNET, AES and PHEAA all still continued to negligently, inaccurately, and egregiously report the same accounts which they previously SOLD back to the Department of Education on my credit profile which has now created at total of 16 INACCURATE and DUPLICATE ACCOUNTS for the EXACT SAME STUDENT LOAN ACCOUNTS which has surely injured and caused irreparable harm to the consumer for the last 10 years at a minimum and continuing to date, which clearly violates the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq. and the Maryland Consumer Credit Reporting Agencies Act, Annotated Code of Maryland, Commercial Law Article, § 14-1201, et seq., and the Maryland Consumer Protection Act ("MCPA"), Md. Code (2013 Repl. Vol., 2017 Supp.), §§ 13-101 et seq. of the Commercial Law Article ("C.L.").

6

### III.   DEFENDANTS' ACTS OF NEGLIGENCE, DEFAMATION, FRAUD AND TORTIOUS INTERFERENCE REGARDING THE INACCURATE, AGED & DUPLICATE ACCOUNTS AND INFORMATION REPORTED ON THE CREDIT FILE OF LARAY J. BENTON AS REPORTED BY EQUIFAX INFORMATION SERVICES, LLC (EQUIFAX)

After reviewing my credit report, I am writing to dispute the following inaccurate information as reported by Equifax, and I'm listing each item to be IMMEDIATELY corrected as it appears on each page as it appears in sequence and "Headings" within my credit profile printout, along with the way it should be IMMEDIATELY corrected as follows (See Exhibits A & B):

### EXHIBIT A, PAGE 1

*A.  Account Overview*

The Account Overview pie chart is INACCURATE!!! First, I DO NOT owe $195,454.00 in "Installment" Debt, which is reflected as 100% Student Loan Debt.  According to my Howard University Student Account printout by Term, I ONLY OWE A TOTAL OF $98,992.00 in total Student Loan Debt… and ALL of it has been at Howard University for my Physics Doctorial program!!! See Exhibit C.

Furthermore, Pages 5-13 of my Equifax Credit File enclosed as Exhibit A, is direct evidence that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO,, and ALL other Credit Reporting Agencies have been irreparably and negatively reporting INACCURATE, AGED, and DUPLICATE student loan account information on my credit profile for over five (5) years now.  See Exhibits A & B.

Therefore, the "Installment" Debt should only read and report that I ONLY OWE A TOTAL OF $98,992.00 in total Student Loan Debt across my ENTIRE credit profile for ALL credit reporting agencies. PLEASE CALL ME AT 864-357-4545 IN ORDER TO UPDATE AND CORRECT THE "INSTALLMENT" DEBT PORTION OF MY CONSUMER CREDIT REPORT IMMEDIATELY TO REFLECT THESE CHANGES pursuant to the "Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.!!!!

Secondly, the Account Overview pie chart for "Revolving" Debt is INACCURATE!!! I DO NOT owe $17,365.00 in "Revolving" Debt. Specifically, Page 4 of my Equifax Credit File enclosed as Exhibit A, INACCURATELY reports that I have a balance of $475 due on my "Credit One Bank" credit card, which is INACCURATE.  This reporting by the CRA Defendants doesn't credit me for the total of $300 in payments that I TIMELY made on my "Credit One Bank" credit card over the months of February and March 2023. As direct evidence, Exhibit D is a print of my Bank of America bank statements showing how I paid $150 in February 2023 and $150 in March 2023 towards my "Credit One Bank" credit card account.  As such, the balance on my "Credit One Bank" credit card should only read $175.00 across ALL of my credit profiles with ALL Credit Reporting Agencies!!!! PLEASE UPDATE AND CORRECT THE "INSTALLMENT" DEBT PORTION OF MY CONSUMER CREDIT REPORT IMMEDIATELY TO REFLECT THESE CHANGES!!!! See Exhibits A-D.

I also demanding that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies also use Exhibits A-D to CALL ME AT 864-357-4545 AND IMMEDIATELY UPDATE & REMOVE THE ABOVE AND HEREIN MENTIONED INACCURATE, AGED, DUPLICATE, AND NEGLEGENTLY REPORTED INFORMATION FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS pursuant to the "Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.!!!! See Exhibits A - I. [1]

---

[1] § 611. Procedure in case of disputed accuracy [15 U.S.C. § 1681i]

(a) Reinvestigations of Disputed Information

    (1) Reinvestigation Required

        (A) *In general*. Subject to subsection (f), and except as provided in subsection (g) if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the

----------------------------------------

end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

(B) *Extension of period to reinvestigate.* Except as provided in subparagraph (c), the 30-day period described in subparagraph (A) may be extended for not more than 15 additional days if the consumer reporting agency receives information from the consumer during that 30-day period that is relevant to the reinvestigation.

(C) *Limitations on extension of period to reinvestigate.* Subparagraph (B) shall not apply to any reinvestigation in which, during the 30-day period described in subparagraph (A), the information that is the subject of the reinvestigation is found to be inaccurate or incomplete or the consumer reporting agency determines that the information cannot be verified.

(2) Prompt Notice of Dispute to Furnisher of Information

(A) *In general.* Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

(B) *Provision of other information.* The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer or the reseller after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A).

(5) Treatment of Inaccurate or Unverifiable Information

(A) *In general.* If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall –

(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

(ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

(C) *Procedures to prevent reappearance.* A consumer reporting agency shall maintain reasonable procedures designed to prevent the reappearance in a consumer's file, and in consumer reports on the consumer, of information that is deleted pursuant to this paragraph (other than information that is reinserted in accordance with subparagraph (B)(i)).

(8) *Expedited dispute resolution.* If a dispute regarding an item of information in a consumer's file at a consumer reporting agency is resolved in accordance with paragraph (5)(A) by the deletion of the disputed information by not later than 3 business days after the date on which the agency receives notice of the dispute from the consumer in accordance with paragraph (1)(A), then the agency shall not be required to comply with paragraphs (2), (6), and (7) with respect to that dispute if the agency

(A) provides prompt notice of the deletion to the consumer by telephone;

(B) includes in that notice, or in a written notice that accompanies a confirmation and consumer report provided in accordance with subparagraph (C), a statement of the consumer's right to request under subsection (d) that the agency furnish notifications under that subsection; and

(C) provides written confirmation of the deletion and a copy of a consumer report on the consumer that is based on the consumer's file after the deletion, not later than 5 business days after making the deletion.

9

### B.  Account Summary

The Account Summary section is INACCURATE!!! First, I DO NOT have six (6) open or eligible "Revolving" accounts, I only have three (3) accounts open that should be reported on my Credit File in full compliance with the FCRA, 1) CREDIT ONE BANK; 2) USAA SAVINGS BANK; and 3) MILITARY STAR CARD.

As evidence by Exhibit A, Page 13, the following revolving accounts need to be DELETED from ALL of my credit profiles IMMEDIATELY as they are OLD and FAR EXCEEDS the 7-year "Reporting Period" pursuant to the FCRA: [2]

---

(b) *Statement of dispute.* If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute. The consumer reporting agency may limit such statements to not more than one hundred words if it provides the consumer with assistance in writing a clear summary of the dispute.

(c) *Notification of consumer dispute in subsequent consumer reports.* Whenever a statement of a dispute is filed, unless there is reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof.

(d) *Notification of deletion of disputed information.* Following any deletion of information which is found to be inaccurate or whose accuracy can no longer be verified or any notation as to disputed information, the consumer reporting agency shall, at the request of the consumer, furnish notification that the item has been deleted or the statement, codification or summary pursuant to subsection (b) or (c) of this section to any person specifically designated by the consumer who has within two years prior thereto received a consumer report for employment purposes, or within six months prior thereto received a consumer report for any other purpose, which contained the deleted or disputed information.

(e) Treatment of Complaints and Report to Congress

(1) *In general.* The Bureau shall –

(A) compile all complaints that it receives that a file of a consumer that is maintained by a consumer reporting agency described in section 603(p) contains incomplete or inaccurate information, with respect to which, the consumer appears to have disputed the completeness or accuracy with the consumer reporting agency or otherwise utilized the procedures provided by subsection (a); and

[2] **§ 605. Requirements relating to information contained in consumer reports [15 U.S.C. § 1681c]**

(a) *Information excluded from consumer reports.* Except as authorized under subsection (b) of this section, no consumer reporting agency may make any consumer report containing any of the following items of information:

(1) Cases under title 11 [United States Code] or under the Bankruptcy Act that, from the date of entry of the order for relief or the date of adjudication, as the case may be, antedate the report by more than 10 years.

(4) Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years.

(5) Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years.

1)  SYNCB/SAMS CLUB ▇▇▇▇ – Date of Last Activity: 8/2011 – 12 years ago;
2)  SYNCB/BELK ▇▇▇▇ - Date of Last Activity: 4/2005 – 18 years ago;
3)  SYNCB/ROOMS TO GO ▇▇▇▇ - Date of Last Activity: 2/2005 – 18 years ago.

See Exhibit A, Page 13.

Additionally, I DID NOT OPEN, ACCEPT, and neither did I ATTEND ANY CLASSES at Howard University, nor any other school in January 2022!!!! I know this for a fact because my father became terminally ill in September 2021, and so I moved back home to Savannah, GA in October 2021 and became his "Caregiver" until he expired on February 24, 2022. My Father was buried on March 4, 2022. Therefore, I wasn't even in the mindset to be taking any classes ANYWHERE to apply for any student loans. As such, the recent student loan account for $20,500 identified as DEPT OF ED/NELNET ▇▇▇▇, Account Number ▇▇▇▇▇▇ IS NOT MINES!!!!! I immediately demand that the U.S. Department of Education, NELNET, NATIONAL EDUCATION LOAN NETWORK, INC. & ALL SUBSIDIARIES, AMERICAN EDUCATION SERVICES (AES), and the PENSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA) IMMEDIATELY PROVIDE DOCUMENTATION OF PROOF OF THIS ACCOUNT BEING MINE BY PROVIDING THE FOLLOWING DOCUMENTATION:

1)  The Original PROMISSORY NOTE for this Student Loan, with my Original Signature.

---

(c) Running of Reporting Period
    (1) *In general.* The 7-year period referred to in paragraphs (4) and (6) of subsection (a) shall begin, with respect to any delinquent account that is placed for collection (internally or by referral to a third party, whichever is earlier), charged to profit and loss, or subjected to any similar action, upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action.
    (2) *Effective date.* Paragraph (1) shall apply only to items of information added to the file of a consumer on or after the date that is 455 days after the date of enactment of the Consumer Credit Reporting Reform Act of 1996.

(e) *Indication of closure of account by consumer.* If a consumer reporting agency is notified pursuant to section 623(a)(4) [§ 1681s-2] that a credit account of a consumer was voluntarily closed by the consumer, the agency shall indicate that fact in any consumer report that includes information related to the account.

(f) *Indication of dispute by consumer.* If a consumer reporting agency is notified pursuant to section 623(a)(3) [§ 1681s-2] that information regarding a consumer who was furnished to the agency is disputed by the consumer, the agency shall indicate that fact in each consumer report that includes the disputed information.

2) Disclosure of the Date, Time, Bank, Bank Address, Bank Routing Account Number, and Bank Account Number of the School /College/University that received the disputed $20,500 on my behalf along with any confirmation numbers.

3) Proof via actual Bank Documents, Statements, and Confirmation Numbers that the disputed $20,500 amount was actually DEPOSITED into a Bank Account bearing my name, as well as the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that received the disputed funds on my behalf.

4) Proof via a copy of both the Front and Back of the actual Check that was issued to the consumer in the amount of $20,500 and proof that the Check was actually cashed. Please also provide the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that the check was deposited into.

Pursuant to the FCRA, the Maryland Fair Credit Reporting Agencies Act, the 5th and 14th Amendment to the U.S. Constitution, and the Maryland Bill of Rights, I demand that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies use Exhibits A-I to CALL ME AT 864-357-4545 AND IMMEDIATELY DELETE & REMOVE THE ABOVE AND HEREIN MENTIONED INACCURATE, FRAUDULENT AND NEGLEGENTLY REPORTED INFORMATION FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS pursuant to the "Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.!!!! See Exhibits A - I.

I also humbly request that the U.S. Consumer Financial Protection Bureau (CFPB) immediately INVESTIGATE this issue and the knowingly negative, inaccurate and fraudulent reporting activities of NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies as an act of HARRASSMENT, IDENTITY THEFT, FRAUD & ABUSE of Federal Government funds and irreparable harm against the consumer.  15 U.S.C. § 1681 et seq.

I also humbly request that the Maryland Attorney General to immediately INVESTIGATE this issue and the knowingly negative, inaccurate and fraudulent reporting activities of NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION

ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS,

LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies as an act of

HARRASSMENT, IDENTITY THEFT, DISHONESTLY, FRAUD & ABUSE of Federal Government

funds and irreparable harm against the consumer based on the Maryland Consumer Credit Reporting

Agencies Act, Annotated Code of Maryland, Commercial Law Article, § 14-1201, et seq.

### C. *Fico Score*

The FICO Score 5 section of the Credit report is INACCURATE!!! I DO NOT HAVE A

"POOR" CREDIT SCORE!!!! Pursuant to the FCRA, the Maryland Fair Credit Reporting Agencies Act,

the 5th and 14th Amendment to the U.S. Constitution, and the Maryland Bill of Rights, I demand that

NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION

ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS,

LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies use Exhibits A-I to

CALL ME AT 864-357-4545 AND IMMEDIATELY DELETE & REMOVE THE ABOVE AND

HEREIN MENTIONED INACCURATE, FRAUDULENT AND NEGLEGENTLY REPORTED

INFORMATION FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS

and RECALCULATE my correct "FICO Score" pursuant to the "Expedited Dispute Resolution"

procedures of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.!!!! See Exhibits A - I.

I also humbly request that the U.S. Consumer Financial Protection Bureau (CFPB) immediately

INVESTIGATE this issue and the knowingly negative, inaccurate and fraudulent reporting activities of

NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION

ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS,

LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies as an act of

HARRASSMENT, IDENTITY THEFT, FRAUD & ABUSE of Federal Government funds and

irreparable harm against the consumer.  15 U.S.C. § 1681 et seq.

I also humbly request that the Maryland Attorney General to immediately INVESTIGATE this

issue and the knowingly negative, inaccurate and fraudulent reporting activities of NELNET,

AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION

ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS,

LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies as an act of

HARRASSMENT, IDENTITY THEFT, DISHONESTLY, FRAUD & ABUSE of Federal Government

funds and irreparable harm against the consumer based on the Maryland Consumer Credit Reporting

Agencies Act, Annotated Code of Maryland, Commercial Law Article, § 14-1201, et seq.

**D.  *Potential Negative Info. Supporting Defamation, Fraud and Tortious Interference Claims***

The Potential Negative Information section of the Credit report is INACCURATE!!! It is

MATHEMATICALLY IMPOSSIBLE FOR ME TO HAVE 229 INSTANCES OF 90 DAY

DELINQUENCIES on my Credit Report for the following reasons:

- *I was born on December 23*▮
- *I didn't become legally eligible for "Credit" until my 18th Birthday on December 23,* ▮
- *I graduated from High School in May* ▮
- *I was awarded a FULL FOOTBALL Scholarship, books included, to Wofford College which I entered college in August 1998.*
- *According to Exhibit A, my Credit Profile was created 22 years ago on March 21, 1999.*
- *I graduated from Wofford College with a Bachelor of Physics degree in May 2003 with ZERO Student Loan Debt.*
- *I was awarded a FULL NUCLEAR PHYSICS Scholarship and entered Graduate School at North Carolina A&T State University in January 2004.*
- *I graduated from North Carolina A&T State University in May of 2006 with my Masters in Nuclear Physics, but again with ZERO Student Loan Debt.*
- *I received my Federal Security Clearance and began working with the U.S. Nuclear Regulatory Commission under a Secret Level security clearance in July 2006.*
- *According to the Equifax credit report given in Exhibit A, IF the Equifax credit report and the consumer reports from the U.S. Department of Education, NELNET, AMERICAN EDUCATOIN SERVICES (AES), and PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA) is in fact accurate,  when you multiply 90 days by 229 Instances, this yields 20,610 total calendar days that Mr. Benton is purported to have Delinquent payments of 90 days or more, which is directly related to the 16 total INACCURATE, AGED, NEGLIGENT, and HARMFUL "CLOSED" Student Loan accounts unlawfully reported on his credit profile. See Exhibit A, Pages 5-13.*
- *If one was to divide the 20,610 total calendar days represented by the purported 229 90-day delinquent instances by 365 calendar days representing One (1) calendar year, this would*

*yield a total of approximately 56 years and 5 months by which Mr. Benton has had delinquent debt more than 90-days.*

- *In order to have 56 years of delinquent debt more than 90-days totaling 229 instances, would mean that I would have to had to first establish "Credit" when I was 18 years old, which would have been December 23, 1966, which would again place my original date of birth at December 23, 1948, again ASSUMING that all the information in Exhibit A is in fact TRUE…which is MATHEMATICALLY IMPOSSIBLE… THERFORE EXHIBIT A IS NEGLIGENTLY INACCURATE IN ITS ENTIRETY!!*

- *MY DECEASD FATHER, LEROY BENTON, SR. WASN'T BORN UNTIL JANUARY 19, 1947. Therefore, IF Exhibit A holds to be true, and I have over 56 years of credit history, it would mean that my Father impregnated my mother (DOB is 8/28/1949) BEFORE she was born on August 28, 1949, had me at the tender age of 1-years old, which is both MATHEMATICALLY AND BIOLOGICALLY IMPOSSIBLE!!! As such my credit profile as reported in Exhibit A is wholly INACCURATE as it is entirely IMPOSSIBLE for me to have 229 instances of 90-day delinquencies!!! It simply is not LOGICAL nor POSSIBLE for this Negative Information to be true!!!*

- *My parents did not get married until June 9, 1968. Therefore, IF Exhibit A holds to be true, and I have over 56 years of credit history, it would mean that I would've established a credit profile BEFORE my parents were even married, which is both MATHEMATICALLY AND BIOLOGICALLY IMPOSSIBLE!!! As such my credit profile as reported in Exhibit A is wholly INACCURATE as it is entirely IMPOSSIBLE for me to have 229 instances of 90-day delinquencies!!! It simply is not LOGICAL nor POSSIBLE for this Negative Information to be true!!!*

- *I am only 43 years and 4 months years old, which is drastically BELOW the 56 years of delinquencies as reported by Equifax in Exhibit A.  I was NOT born anywhere around nor during neither World War II (1940s), Korean War (1950s), and neither the Vietnam War (1960s & 1970s). Therefore again, it is MATHEMATICALLY IMPOSSIBLE FOR ME TO HAVE 229 INSTANCES OF 90-DAY DELINQUENCIES.*

- *Again, IF Exhibit A holds to be true, and I have over 56 years of credit history dating back to December 23, 1966, it would mean that I would've borrowed at total of $195,454 in Federal Student Loans 13 years BEFORE the U.S. Department of Education was even established on October 17, 1979!!! Therefore again, it is MATHEMATICALLY IMPOSSIBLE FOR ME TO HAVE 229 INSTANCES OF 90-DAY DELINQUENCIES on my credit profile because I haven't even been alive long enough for Exhibit A to be true. How can the U.S. Department of Education, NELNET, AMERICAN EDUCATOIN SERVICES (AES), and PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA) hold me for Student Loans that were issued BEFORE the U.S. Department of Education was even established? THEY CANNOT BECAUSE EXHIBIT A IS NEGLEGENTLY INACCURATE!! As such my credit profile as reported in Exhibit A is wholly INACCURATE as it is entirely IMPOSSIBLE for me to have 229 instances of 90-day delinquencies!!! It simply is not LOGICAL nor POSSIBLE for this Negative Information to be true!!!*

- *Furthermore, how can 229 instances of 90-day delinquencies be reported by Equifax on his Credit Profile, but ONLY 5 instances of 30-day delinquencies and ZERO days of 60-day delinquency??? In common simple mathematics and counting… both 30 and 60 days comes BEFORE 90-days, as such there is NO justification nor mathematical explanation why this egregious and negligent information continues to be NEGATIVELY reported on my credit profile for ALL credit reporting agencies!?!?*

The evidence is clear that I have been and continue to be willfully and negligently irreparably harmed by the INACCURATE, AGED, MATHEMATICALLY IMPOSSIBLE and clearly NEGLIGENT credit reporting of the various creditors and credit reporting agencies. Pursuant to the FCRA, the Maryland Fair Credit Reporting Agencies Act, the 5th and 14th Amendment to the U.S. Constitution, and the Maryland Bill of Rights, I demand that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies use Exhibits A-I to CALL ME AT 864-357-4545 AND IMMEDIATELY DELETE & REMOVE THE ABOVE AND HEREIN MENTIONED INACCURATE, FRAUDULENT AND NEGLEGENTLY REPORTED INFORMATION FROM MY CREDIT PROFILE WITHIN THE

NEXT FIVE (5) BUSINESS DAYS pursuant to the "Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.!!!! See Exhibits A - I.

Additionally, I DEMAND that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies provide me, the U.S. Department of Education, and the CFPB with the following documents in full compliance with the FCRA:

1) Copies of ALL five (5) 30-day delinquent notices that were mailed out to Mr. Benton, with date stamp of postage mailing, clearly showing how postage was paid, with the specific person and address that it was delivered to and includes delivery confirmation.
2) Copies of ALL 60-day delinquent notices that were mailed out to Mr. Benton, with date stamp of postage mailing, clearly showing how postage was paid, with the specific person and address that it was delivered to and includes delivery confirmation.
3) Copies of ALL 229 90-day delinquent notices that were mailed out to Mr. Benton, with date stamp of postage mailing, clearly showing how postage was paid, with the specific person and address that it was delivered to and includes delivery confirmation.
4) The Original PROMISSORY NOTE for ALL Student Loan Accounts, with my Original Signature and/or the IP Address of the computer that was used to sign any documents electronically.

16

5) Disclosure of the Date, Time, Bank, Bank Address, Bank Routing Account Number, and Bank Account Number of the School /College/University that received all of the disputed $195,454 of "Installment Accounts" on my behalf along with any confirmation or transaction numbers associated with any bank transfers and/or direct deposits into all banks and bank accounts which documents that the funds were even disbursed from the Creditor to the Consumer in the first place.

**E.   3rd Party Collections**

Elephant Auto Insurance IS NOT MY ACCOUNT!!! I've NEVER had car insurance with Elephant Auto Insurance. Please have the creditor provide the consumer with a copy of the actual insurance contract and/or policy bearing my signature, the Title Holder and VIN number for the car that was insured, and proof that I am the owner of the car that was insured. I should have ZERO collections on my credit profile.

These negligent and egregious actions by Elephant Auto Insurance, EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies has daily irreparably harmed me as a consumer causing damages to me and my family in the form of Denial of Credit opportunities for myself and my business, Denial in Mortgage Loan Applications, Denial of my Security Clearances, and the Denial of employment opportunities directed connected to my inability to obtain a Federal Security Clearance which is based in part on my Credit History. As such, Elephant Auto Insurance, EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies reporting this incorrect information has full legal liability for several causes of action to include but are not limited to Fraud, Identity Theft, the violation of my 5th and 14th Amendment Due Process Rights, and the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.!!!!

Pursuant to the FCRA, the Maryland Fair Credit Reporting Agencies Act, the 5th and 14th Amendment to the U.S. Constitution, and the Maryland Bill of Rights, I demand that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENNSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS,

LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies use Exhibits A-I to
CALL ME AT 864-357-4545 AND IMMEDIATELY DELETE & REMOVE THE ABOVE AND
HEREIN MENTIONED INACCURATE, FRAUDULENT AND NEGLEGENTLY REPORTED
INFORMATION FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS
pursuant to the "Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15
U.S.C. § 1681 et seq.!!!! See Exhibits A - I.

**EXHIBIT A, PAGES 4 - 13**

### F. Accounts

This is a summary of ALL of the "Credit Accounts" as they appear on my Equifax Credit Report
and my rebuttals, comments, and changes that need to be made related to these accounts. They are
numbered EXACTLY according to how they numerically appear in Exhibit A.

### 1) CREDIT ONE BANK ▮▮▮▮▮ - Account Number: N/A

Consumer initiated the closure of this small credit card account in February 2023. Page 4 of my
Equifax Credit File enclosed as Exhibit A, INACCURATELY reports that I have a balance of $475 due
on my "Credit One Bank" credit card, which is INACCURATE.  This reporting by the CRA Defendants
doesn't credit me for the total of $300 in payments that I TIMELY made on my "Credit One Bank" credit
card over the months of February and March 2023. As direct evidence, Exhibit D is a print of my Bank of
America bank statements showing how I paid $150 in February 2023 and $150 in March 2023 towards
my "Credit One Bank" credit card account.  As such, the balance on my "Credit One Bank" credit card
should only read $175.00 across ALL of my credit profiles with ALL Credit Reporting Agencies!!!!
PLEASE UPDATE AND CORRECT THE "INSTALLMENT" DEBT PORTION OF MY CONSUMER
CREDIT REPORT IMMEDIATELY TO REFLECT THESE CHANGES!!!! See Exhibits A-D.

This account also INACCURATELY reports that I have one (1) instance of being late and/or
delinquent for more 30-days on this account which is FALSE and FRAUDULENT INFORMATION!!
I've NEVER been late in paying on this account…. NEVER! This is an INACCURATE and
DAMAGING statement on my credit profile which has caused me considerable irreparable financial,

emotional, and psychological harm to both myself and my family by both the Creditor and the CRAs in clear and direct violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.; the Maryland Consumer Credit Reporting Agencies Act, Annotated Code of Maryland, Commercial Law Article, § 14-1201, et seq.; the 5th and 14th Amendments to the U.S. Constitution "Due Process" clauses; and Maryland Law regarding Fraud, Identity Theft, and Tortious Interference, to name a few.

I demand that CREDIT ONE BANK, EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies also use Exhibits A-D to CALL ME AT 864-357-4545 AND IMMEDIATELY UPDATE & REMOVE THE ABOVE AND HEREIN MENTIONED INACCURATE, AGED, DUPLICATE, AND NEGLEGENTLY REPORTED INFORMATION FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS pursuant to the "Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.!!!! See Exhibits A - I.

2)  **DEPT OF ED/NELNET**  ▮▮▮▮▮  **– Account Number:**  ▮▮▮▮▮▮

I DID NOT OPEN, ACCEPT, and neither did I ATTEND ANY CLASSES at Howard University, nor any other school in January 2022!!!! Page 5 of my Equifax Credit File enclosed as Exhibit A, INACCURATELY reports that I have a balance of $20,500 for a Student Loan that was purported to be issued to me on January 7, 2022, which is INACCURATE. I WASN'T IN ANYONE'S SCHOOL IN JANUARY 2022 TO TAKE OUT ANY STUDENT LOANS!!! I know this for a fact because my father became terminally ill in September 2021, and so I moved back home to Savannah, GA in October 2021 and became his "Caregiver" until he expired on February 24, 2022. My Father was buried on March 4, 2022. Therefore, I wasn't even in the mindset to be taking any classes ANYWHERE to apply for any student loans. As such, the recent student loan account for $20,500 identified as DEPT OF ED/NELNET ▮▮▮▮, Account Number ▮▮▮▮▮ IS NOT MINES!!!!! Also, NELNET is reporting that my "Last Payment Date" and "Date of Last Activity" was "3 / 2023" (March 2023), but I'VE NEVER MADE ANY PAYMENT TO NELNET NOR ANY OTHER ENTITY FOR MY STUDENT LOANS!! This credit reporting and Education Loan Account is egregiously and irreparably harming!!!

I immediately demand that the U.S. Department of Education, NELNET, NATIONAL

EDUCATION LOAN NETWORK, INC. & ALL SUBSIDIARIES, AMERICAN EDUCATION

SERVICES (AES), and the PENSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY

(PHEAA) IMMEDIATELY PROVIDE DOCUMENTATION OF PROOF OF THIS ACCOUNT BEING

MINE BY PROVIDING THE FOLLOWING DOCUMENTATION:

1) The Original PROMISSORY NOTE for this Student Loan, with my Original Signature.
2) Disclosure of the Date, Time, Bank, Bank Address, Bank Routing Account Number, and Bank Account Number of the School /College/University that received the disputed $20,500 on my behalf along with any confirmation numbers.
3) Proof via actual Bank Documents, Statements, and Confirmation Numbers that the disputed $20,500 amount was actually DEPOSITED into a Bank Account bearing my name, as well as the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that received the disputed funds on my behalf.
4) Proof via a copy of both the Front and Back of the actual Check that was issued to the consumer in the amount of $20,500 and proof that the Check was actually cashed. Please also provide the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that the check was deposited into.

Pursuant to the FCRA, the Maryland Fair Credit Reporting Agencies Act, the 5th and 14th

Amendment to the U.S. Constitution, and the Maryland Bill of Rights, I demand that NELNET,

AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION

ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS,

LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies use Exhibits A-I to

CALL ME AT 864-357-4545 AND IMMEDIATELY DELETE & REMOVE THE ABOVE AND

HEREIN MENTIONED INACCURATE, FRAUDULENT AND NEGLEGENTLY REPORTED

INFORMATION FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS

pursuant to the "Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15

U.S.C. § 1681 et seq.!!!! See Exhibits A - I.

I also humbly request that the U.S. Consumer Financial Protection Bureau (CFPB) and the

Maryland Attorney General immediately INVESTIGATE this issue and the knowingly negative,

inaccurate and fraudulent reporting activities of NELNET, AMERICAN EDUCATOIN SERVICES
(AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX,
EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other
Credit Reporting Agencies as an act of HARRASSMENT, IDENTITY THEFT, FRAUD & ABUSE of
Federal Government funds and irreparable harm against the consumer.  15 U.S.C. § 1681 et seq.; the
Maryland Consumer Credit Reporting Agencies Act, Annotated Code of Maryland, Commercial Law
Article, § 14-1201, et seq.; and Maryland Consumer Protection Act ("MCPA"), Md. Code (2013 Repl.
Vol., 2017 Supp.), §§ 13-101 et seq. of the Commercial Law Article ("C.L.").

   3) **DEPT OF ED/NELNET** ▮▮▮▮▮ – **Account Number:** ▮▮▮▮▮
   4) **DEPT OF ED/NELNET** ▮▮▮▮▮ – **Account Number:** ▮▮▮▮▮

   The Account Overview pie chart is INACCURATE!!! First, I DO NOT owe $195,454.00 in
"Installment" Debt relating to my student loans, which is reflected as 100% Student Loan Debt.

   I graduated from Wofford College in May 2003 with my B.S. in Physics with ZERO Student
Loan debt because I had a FULL FOOTBALL SCHOLARSHIP!!

   I then graduated from North Carolina A&T State University in May 2006 with my M.S. in
Nuclear Physics, again, with ZERO Student Loan debt because I had a FULL NUCLEAR PHYSICS
SCHOLARSHIP!!

   I began my Physics Doctorial program part-time in August 2008. According to my Howard
University Student Account printout by Term, I ONLY OWE A TOTAL OF $98,992.00 in total Student
Loan Debt… and ALL of it has been at Howard University for my Physics Doctorial program!!!
Therefore, ALL of the Education or Student Loan reporting on my credit profile by NELNET,
AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION
ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS,
LEXISNEXIS, CORELOGIC, CREDCO,, and ALL other Credit Reporting Agencies are negligently and
irreparably INACCURATE!!! See Exhibit C.

Furthermore, Pages 5-13 of my Equifax Credit File enclosed as Exhibit A, is direct evidence that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO,, and ALL other Credit Reporting Agencies have been irreparably and negatively reporting INACCURATE, AGED, and DUPLICATE student loan account information on my credit profile for over five (5) years now.  See Exhibits A & B.

I immediately demand that the U.S. Department of Education, NELNET, NATIONAL EDUCATION LOAN NETWORK, INC. & ALL SUBSIDIARIES, AMERICAN EDUCATION SERVICES (AES), and the PENSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA) IMMEDIATELY PROVIDE DOCUMENTATION OF PROOF OF THIS ACCOUNT BEING MINE BY PROVIDING THE FOLLOWING DOCUMENTATION:

1) The Original PROMISSORY NOTE for this Student Loan, with my Original Signature.
2) Disclosure of the Date, Time, Bank, Bank Address, Bank Routing Account Number, and Bank Account Number of the School /College/University that received the disputed $20,500 on my behalf along with any confirmation numbers.
3) Proof via actual Bank Documents, Statements, and Confirmation Numbers that the disputed $20,500 amount was actually DEPOSITED into a Bank Account bearing my name, as well as the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that received the disputed funds on my behalf.
4) Proof via a copy of both the Front and Back of the actual Check that was issued to the consumer in the amount of $20,500 and proof that the Check was actually cashed. Please also provide the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that the check was deposited into.
5) Proof that the Creditor and/or CRA timely and fully complied with all Federal and State "Notice", "Service", "Reporting" and/or "Timing" requirements associated with both the FCRA and the Maryland Fair Credit Reporting Agencies Act.
6) Proof that the Creditor and/or CRA timely and fully complied with § 605. Requirements relating to information contained in consumer reports [15 U.S.C. § 1681c] regarding this credit account and the disputes of the consumer above and herein.
7) Proof that the Creditor and/or CRA timely and fully complied with § 605B. Block of information resulting from identity theft [15 U.S.C. § 1681c-2] regarding this credit account and the disputes of the consumer above and herein.
8) Proof that the Creditor and/or CRA timely and fully complied with § 607. Compliance procedures [15 U.S.C. § 1681e] regarding this credit account and the disputes of the consumer above and herein.
9) Proof that the Creditor and/or CRA timely and fully complied with § 609. Disclosures to consumers [15 U.S.C. § 1681g] regarding this credit account and the disputes of the consumer above and herein.

10) Proof that the Creditor and/or CRA timely and fully complied with § 611. Procedure in case of disputed accuracy [15 U.S.C. § 1681i] regarding this credit account and the disputes of the consumer above and herein.

11) Proof that the Creditor and/or CRA timely and fully complied with § 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n] regarding this credit account and the disputes of the consumer above and herein.

12) Proof that the Creditor and/or CRA timely and fully complied with § 617. Civil liability for negligent noncompliance [15 U.S.C. § 1681o] regarding this credit account and the disputes of the consumer above and herein.

13) Proof that the Creditor and/or CRA timely and fully complied with § 618. Jurisdiction of courts; limitation of actions [15 U.S.C. § 1681p] regarding this credit account and the disputes of the consumer above and herein.

14) Proof that the Creditor and/or CRA timely and fully complied with § 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2] regarding this credit account and the disputes of the consumer above and herein.

Pursuant to the FCRA, the Maryland Fair Credit Reporting Agencies Act, the 5th and 14th Amendment to the U.S. Constitution, and the Maryland Bill of Rights, I demand that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies use Exhibits A-I to CALL ME AT 864-357-4545 AND IMMEDIATELY DELETE & REMOVE THE ABOVE AND HEREIN MENTIONED INACCURATE, FRAUDULENT AND NEGLEGENTLY REPORTED INFORMATION FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS pursuant to the "Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.!!!! See Exhibits A - I.

I also humbly request that the U.S. Consumer Financial Protection Bureau (CFPB) and the Maryland Attorney General immediately INVESTIGATE this issue and the knowingly negative, inaccurate and fraudulent reporting activities of NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies as an act of HARRASSMENT, IDENTITY THEFT, FRAUD & ABUSE of Federal Government funds and irreparable harm against the consumer.  15 U.S.C. § 1681 et seq.; the Maryland Consumer Credit Reporting Agencies Act, Annotated Code of Maryland, Commercial Law

Article, § 14-1201, et seq.; and Maryland Consumer Protection Act ("MCPA"), Md. Code (2013 Repl.

Vol., 2017 Supp.), §§ 13-101 et seq. of the Commercial Law Article ("C.L.").

5) **USAA SAVINGS BANK** ▓▓▓▓▓ **– Account Number: N/A**

    The Account IS mine, but the Payment history and account Balance needs to be UPDATED to

reflect having the most recent payments made in February, March, and April credited towards the

Account. Please update the balance as soon as possible!!!

6) **MILITARY STAR** ▓▓▓▓▓ **– Account Number: N/A**

    The Account IS mine, but the Payment history and account Balance needs to be UPDATED to

reflect having the most recent payments made in February, March, and April credited towards the

Account. Please update the balance as soon as possible!!!


## DUPLICATE, INNACURATE, AGED & FICTICIOUS ACCOUNTS THAT'S NOT MINE
### (See Exhibit A, Pages 6-13)

    Pursuant to the federal Fair Credit Reporting Act and the Maryland Consumer Credit Reporting

Agencies Act, and as supported by the enclosed supporting documentation, I demand that ALL Federal,

State, and Local agencies and Disputed Account Holders IMMEDIATELY remove the following

accounts from my credit profile pursuant to the "Expedited Dispute Resolution" procedures of the Fair

Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq. as these accounts/reports are either

INACCURATED, AGED, DUPLICATE ACCOUNTS, and/or NOT MINE but are still being negatively

reported on my credit file.

7) **US DEPARTMENT OF EDU** ▓▓▓▓▓ **– Account Number:** ▓▓▓▓▓

    The Account Overview pie chart is INACCURATE!!! First, I DO NOT owe $3,455.00 in

"Installment" Education / Student Loan Debt as recorded on my credit profile as record by NELNET,

AMERICAN EDUCATOIN SERVICES (AES), PENNSYLVANIA HIGHER EDUCATION

ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS,

LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies!!! See Exhibits A-I.

First, this purported installment account is negligently and fraudulently DUPLICATE ACCOUNT as it has and is reporting the EXACT SAME 1) Creditor (U.S. Department of Education); 2) Account Balance ($3,455); 3) Number of 90-day Delinquencies (27); Date Opened (1/20/2006); 4) Last Payment Date (6/2020); 5) Date of Last Activity (2/2017); 6) Date Major First Delinquency Reported (2/2018) and 7) Months Reviewed (50) as Installment Account #19, "DEPT OF ED/NELNET ██████ – Account Number: ████████' also reported on my credit profile. Therefore, this is clearly a DUPLICATE & INACCURATE account that needs to be IMMEDIATELY DELETED FROM MY CREDIT PROFILE!!  See Exhibit A.

Secondly, this account also reports that the information associated with this FRAUDULENT & INACCURATE account has been reported and reviewed over the last 50 months. If one was to divide 50 months by 12 months (1 year), the result would yield ONLY *__an average of 4 years__* that this account has been reported as open. Additionally, this FRAUDULENT & INACCURATE account has reported 27 instances of 90-days or more of delinquencies and/or late payments. Likewise, if you multiply 27 instances by 90-days, this will yield a value of 2,430 days.  Now if one was to divide 2,430 days by 365 days (1 year), this would yield a total *__average of 6.6 years__* of that this account has been reported as open. So which is it??? Has this account been open for 4 years according to the "Months Reviewed" information reported? Has this account been open for 6.6 years according to the 27 instances of 90-days or more of delinquencies information reported? or Has this account been open for 17 years according to the "Date Opened" information provided on my Equifax Credit Report? Simply, the reported information is INACCURATE, CONFLICTING, UNTHETHICAL, ILLOGICAL, and simply INCONSISTENT!

Lastly, both this account and Installment Account #19, "DEPT OF ED/NELNET ██████ Account Number: ████████' also reported on my credit profile are both OUTDATED, and not even eligible to be reported on my credit profile since the accounts is over 7 years old pursuant to the "Running of Report" provisions of FCRA. Therefore, since these accounts is reported to have been opened 17 years ago on January 20, 2006, they simply need to be DELETED & REMOVED from my credit profile in their entirety… INDEFINENTLY. § 605. Requirements relating to information contained

in consumer reports [15 U.S.C. § 1681c].Therefore, this is clearly a DUPLICATE & INACCURATE

account that needs to be IMMEDIATELY DELETED FROM MY CREDIT PROFILE!!  See Exhibit A.

Furthermore, Pages 5-13 of my Equifax Credit File enclosed as Exhibit A, is direct evidence that

NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION

ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS,

LEXISNEXIS, CORELOGIC, CREDCO,, and ALL other Credit Reporting Agencies have been

irreparably and negatively reporting INACCURATE, AGED, and DUPLICATE student loan account

information on my credit profile for over five (5) years now.  See Exhibits A & B.

 I immediately demand that the U.S. Department of Education, NELNET, NATIONAL

EDUCATION LOAN NETWORK, INC. & ALL SUBSIDIARIES, AMERICAN EDUCATION

SERVICES (AES), and the PENSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY

(PHEAA) IMMEDIATELY PROVIDE DOCUMENTATION OF PROOF OF THIS ACCOUNT BEING

MINE BY PROVIDING THE FOLLOWING DOCUMENTATION:

1) The Original PROMISSORY NOTE for this Student Loan, with my Original Signature.
2) Disclosure of the Date, Time, Bank, Bank Address, Bank Routing Account Number, and Bank Account Number of the School /College/University that received the disputed $3,455 on my behalf along with any confirmation numbers.
3) Proof via actual Bank Documents, Statements, and Confirmation Numbers that the disputed $3,455 amount was actually DEPOSITED into a Bank Account bearing my name, as well as the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that received the disputed funds on my behalf.
4) Proof via a copy of both the Front and Back of the actual Check that was issued to the consumer in the amount of $3,455 and proof that the Check was actually cashed. Please also provide the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that the check was deposited into.
5) Proof that the Creditor and/or CRA timely and fully complied with all Federal and State "Notice", "Service", "Reporting" and/or "Timing" requirements associated with both the FCRA and the Maryland Fair Credit Reporting Agencies Act.
6) Proof that the Creditor and/or CRA timely and fully complied with § 605. Requirements relating to information contained in consumer reports [15 U.S.C. § 1681c] regarding this credit account and the disputes of the consumer above and herein.
7) Proof that the Creditor and/or CRA timely and fully complied with § 605B. Block of information resulting from identity theft [15 U.S.C. § 1681c-2] regarding this credit account and the disputes of the consumer above and herein.
8) Proof that the Creditor and/or CRA timely and fully complied with § 607. Compliance procedures [15 U.S.C. § 1681e] regarding this credit account and the disputes of the consumer above and herein.

9) Proof that the Creditor and/or CRA timely and fully complied with § 609. Disclosures to consumers [15 U.S.C. § 1681g] regarding this credit account and the disputes of the consumer above and herein.

10) Proof that the Creditor and/or CRA timely and fully complied with § 611. Procedure in case of disputed accuracy [15 U.S.C. § 1681i] regarding this credit account and the disputes of the consumer above and herein.

11) Proof that the Creditor and/or CRA timely and fully complied with § 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n] regarding this credit account and the disputes of the consumer above and herein.

12) Proof that the Creditor and/or CRA timely and fully complied with § 617. Civil liability for negligent noncompliance [15 U.S.C. § 1681o] regarding this credit account and the disputes of the consumer above and herein.

13) Proof that the Creditor and/or CRA timely and fully complied with § 618. Jurisdiction of courts; limitation of actions [15 U.S.C. § 1681p] regarding this credit account and the disputes of the consumer above and herein.

14) Proof that the Creditor and/or CRA timely and fully complied with § 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2] regarding this credit account and the disputes of the consumer above and herein.

Pursuant to the FCRA, the Maryland Fair Credit Reporting Agencies Act, the 5th and 14th Amendment to the U.S. Constitution, and the Maryland Bill of Rights, I demand that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies use Exhibits A-I to CALL ME AT 864-357-4545 AND IMMEDIATELY DELETE & REMOVE THE ABOVE AND HEREIN MENTIONED INACCURATE, FRAUDULENT AND NEGLEGENTLY REPORTED INFORMATION FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS pursuant to the "Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.!!!! See Exhibits A - I.

I also humbly request that the U.S. Consumer Financial Protection Bureau (CFPB) and the Maryland Attorney General immediately INVESTIGATE this issue and the knowingly negative, inaccurate and fraudulent reporting activities of NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies as an act of HARRASSMENT, IDENTITY THEFT, FRAUD & ABUSE of

Federal Government funds and irreparable harm against the consumer.  15 U.S.C. § 1681 et seq.; the

Maryland Consumer Credit Reporting Agencies Act, Annotated Code of Maryland, Commercial Law

Article, § 14-1201, et seq.; and Maryland Consumer Protection Act ("MCPA"), Md. Code (2013 Repl.

Vol., 2017 Supp.), §§ 13-101 et seq. of the Commercial Law Article ("C.L."). [3]

---

[3] **§ 605B. Block of information resulting from identity theft [15 U.S.C. § 1681c-2]**

(a) *Block.* Except as otherwise provided in this section, a consumer reporting agency shall block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such agency of –

    (1) appropriate proof of the identity of the consumer;

    (2) a copy of an identity theft report;

    (3) the identification of such information by the consumer; and

    (4) a statement by the consumer that the information is not information relating to any transaction by the consumer.

(b) *Notification.* A consumer reporting agency shall promptly notify the furnisher of information identified by the consumer under subsection (a) –

    (1) that the information may be a result of identity theft;

    (2) that an identity theft report has been filed;

    (3) that a block has been requested under this section; and

(4) of the effective dates of the block.

**§ 607. Compliance procedures [15 U.S.C. § 1681e]**

    (a) *Identity and purposes of credit users.* Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 605 [§ 1681c] and to limit the furnishing of consumer reports to the purposes listed under section 604 [§ 1681b] of this title. These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 604 [§ 1681b] of this title.

    (b) *Accuracy of report.* Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

    (c) *Disclosure of consumer reports by users allowed.* A consumer reporting agency may not prohibit a user of a consumer report furnished by the agency on a consumer from disclosing the contents of the report to the consumer, if adverse action against the consumer has been taken by the user based in whole or in part on the report.

(d) Notice to Users and Furnishers of Information

(1) *Notice requirement.* A consumer reporting agency shall provide to any person

(A) who regularly and in the ordinary course of business furnishes information to the agency with respect to any consumer; or

(B) to whom a consumer report is provided by the agency; a notice of such person's responsibilities under this title.

*See also 12 CFR Part 1022, App M-N*

(2) *Content of notice*. The Bureau shall prescribe the content of notices under paragraph (1), and a consumer reporting agency shall be in compliance with this subsection if it provides a notice under paragraph (1) that is substantially similar to the Bureau prescription under this paragraph.

## § 609. Disclosures to consumers [15 U.S.C. § 1681g]

(a) *Information on file; sources; report recipients*. Every consumer reporting agency shall, upon request, and subject to 610(a)(1) [§ 1681h], clearly and accurately disclose to the consumer:

(1) All information in the consumer's file at the time of the request except that –

(A) if the consumer to whom the file relates requests that the first 5 digits of the social security number (or similar identification number) of the consumer not be included in the disclosure and the consumer reporting agency has received appropriate proof of the identity of the requester, the consumer reporting agency shall so truncate such number in such disclosure; and

(B) nothing in this paragraph shall be construed to require a consumer reporting agency to disclose to a consumer any information concerning credit scores or any other risk scores or predictors relating to the consumer.

(2) The sources of the information; except that the sources of information acquired solely for use in preparing an investigative consumer report and actually use for no other purpose need not be disclosed: Provided, That in the event an action is brought under this title, such sources shall be available to the plaintiff under appropriate discovery procedures in the court in which the action is brought.

(3) (A) Identification of each person (including each end-user identified under section 607(e)(1) [§ 1681e]) that procured a consumer report

(i) for employment purposes, during the 2-year period preceding the date on which the request is made; or

(ii) for any other purpose, during the 1-year period preceding the date on which the request is made.

(B) An identification of a person under subparagraph (A) shall include

(i) the name of the person or, if applicable, the trade name (written in full) under which such person conducts business; and

(ii) upon request of the consumer, the address and telephone number of the person.

The dates, original payees, and amounts of any checks upon which is based any adverse characterization of the consumer, included in the file at the time of the disclosure.

(5) A record of all inquiries received by the agency during the 1-year period preceding the request that identified the consumer in connection with a credit or insurance transaction that was not initiated by the consumer.

(6) If the consumer requests the credit file and not the credit score, a statement that the consumer may request and obtain a credit score.

## 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n]

(a) *In general*. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

(b) *Civil liability for knowing noncompliance.* Any person who obtains a consumer report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose shall be liable to the consumer reporting agency for actual damages sustained by the consumer reporting agency or $1,000, whichever is greater.

### § 617. Civil liability for negligent noncompliance [15 U.S.C. § 1681o]

(a) *In general.* Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

### § 618. Jurisdiction of courts; limitation of actions [15 U.S.C. § 1681p]

An action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.

### § 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]

(a) Duty of Furnishers of Information to Provide Accurate Information

(1) Prohibition

(A) *Reporting information with actual knowledge of errors.* A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

(B) *Reporting information after notice and confirmation of errors.* A person shall not furnish information relating to a consumer to any consumer reporting agency if

(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

(ii) the information is, in fact, inaccurate.

(C) *No address requirement.* A person who clearly and conspicuously specifies to the consumer an address for notices referred to in subparagraph (B) shall not be subject to subparagraph (A); however, nothing in subparagraph (B) shall require a person to specify such an address.

(D) *Definition.* For purposes of subparagraph (A), the term "reasonable cause to believe that the information is inaccurate"means having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information.

(E) *Rehabilitation of private education loans.*

       (i) *In general.* Notwithstanding any other provision of this section, a consumer may request a financial institution to remove from a consumer report a reported default regarding a private education loan, and such information shall not be considered inaccurate, if

          (I) the financial institution chooses to offer a loan rehabilitation program which includes, without limitation, a requirement of the consumer to make consecutive on-time monthly payments in a number that demonstrates, in the assessment of the financial institution offering the loan rehabilitation program, a renewed ability and willingness to repay the loan; and

    (II) the requirements of the loan rehabilitation program described in subclause (I) are successfully met.

(2) *Duty to correct and update information.* A person who

    (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

    (B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

(3) *Duty to provide notice of dispute.* If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(4) *Duty to provide notice of closed accounts.* A person who regularly and in the ordinary course of business furnishes information to a consumer reporting agency regarding a consumer who has a credit account with that person shall notify the agency of the voluntary closure of the account by the consumer, in information regularly furnished for the period in which the account is closed.

(5) Duty to Provide Notice of Delinquency of Accounts

    (A) *In general.* A person who furnishes information to a consumer reporting agency regarding a delinquent account being placed for collection, charged to profit or loss, or subjected to any similar action shall, not later than 90 days after furnishing the information, notify the agency of the date of delinquency on the account, which shall be the month and year of the commencement of the delinquency on the account that immediately preceded the action.

    (B) *Rule of construction.* For purposes of this paragraph only, and provided that the consumer does not dispute the information, a person that furnishes information on a delinquent account that is placed for collection, charged for profit or loss, or subjected to any similar action, complies with this paragraph, if –

       (i) the person reports the same date of delinquency as that provided by the creditor to which the account was owed at the time at which the commencement of the delinquency occurred, if the creditor previously reported that date of delinquency to a consumer reporting agency;

       (ii) the creditor did not previously report the date of delinquency to a consumer reporting agency, and the person establishes and follows reasonable procedures to obtain the date of delinquency from the creditor or another reliable source and reports that date to a consumer reporting agency as the date of delinquency; or

(iii) the creditor did not previously report the date of delinquency to a consumer reporting agency and the date of delinquency cannot be reasonably obtained as provided in clause (ii), the person establishes and follows reasonable procedures to ensure the date reported as the date of delinquency precedes the date on which the account is placed for collection, charged to profit or loss, or subjected to any similar action, and reports such date to the credit reporting agency.

_____

(7) Negative Information

    (A) Notice to Consumer Required

        (i) *In general.* If any financial institution that extends credit and regularly and in the ordinary course of business furnishes information to a consumer reporting agency described in section 603(p) furnishes negative information to such an agency regarding credit extended to a customer, the financial institution shall provide a notice of such furnishing of negative information, in writing, to the customer.

        (ii) *Notice effective for subsequent submissions.* After providing such notice, the financial institution may submit additional negative information to a consumer reporting agency described in section 603(p) with respect to the same transaction, extension of credit, account, or customer without providing additional notice to the customer.

    (B) Time of Notice

        (i) *In general.* The notice required under subparagraph (A) shall be provided to the customer prior to, or no later than 30 days after, furnishing the negative information to a consumer reporting agency described in section 603(p).

        (ii) *Coordination with new account disclosures.* If the notice is provided to the customer prior to furnishing the negative information to a consumer reporting agency, the notice may not be included in the initial disclosures provided under section 127(a) of the Truth in Lending Act.

    (C) *Coordination with other disclosures.* The notice required under subparagraph (A) –

        (i) may be included on or with any notice of default, any billing statement, or any other materials provided to the customer; and

        (ii) must be clear and conspicuous.

    ***See also 12 CFR Part 1022, App B***

    (G) *Definitions.* For purposes of this paragraph, the following definitions shall apply:

        (i) The term "negative information" means information concerning a customer's delinquencies, late payments, insolvency, or any form of default.

        (ii) The terms "customer" and "financial institution" have the same meanings as in section 509 Public Law 106-102.

(8) Ability of Consumer to Dispute Information Directly with Furnisher

        ***See also 12 CFR Part 1022.43, 16 CFR Part 660.4, 74 Fed. Reg. 31484 (07/01/09)***

    (A) *In general.* The Bureau, in consultation with the Federal Trade Commission, the Federal banking agencies, and the National Credit Union Administration, shall prescribe regulations that shall identify the circumstances under which a furnisher shall be required to reinvestigate a dispute concerning the accuracy of information contained in a consumer report on the consumer, based on a direct request of a consumer.

    (B) *Considerations.* In prescribing regulations under subparagraph (A), the agencies shall weigh –

        (i) the benefits to consumers with the costs on furnishers and the credit reporting system;

        (ii) the impact on the overall accuracy and integrity of consumer reports of any such requirements;

        (iii) whether direct contact by the consumer with the furnisher would likely result in the most expeditious resolution of any such dispute; and

        (iv) the potential impact on the credit reporting process if credit repair organizations, as defined in section 403(3) [15 U.S.C. §1679a(3)], including entities that would be a credit repair organization, but for section 403(3)(B)(i), are able to circumvent the prohibition in subparagraph (G).

(C) *Applicability.* Subparagraphs (D) through (G) shall apply in any circumstance identified under the regulations promulgated under subparagraph (A).

(D) *Submitting a notice of dispute.* A consumer who seeks to dispute the accuracy of information shall provide a dispute notice directly to such person at the address specified by the person for such notices that –

(i) identifies the specific information that is being disputed;

(ii) explains the basis for the dispute; and

(iii) includes all supporting documentation required by the furnisher to substantiate the basis of the dispute.

(E) *Duty of person after receiving notice of dispute.* After receiving a notice of dispute from a consumer pursuant to subparagraph (D), the person that provided the information in dispute to a consumer reporting agency shall –

(i) conduct an investigation with respect to the disputed information;

(ii) review all relevant information provided by the consumer with the notice;

(iii) complete such person's investigation of the dispute and report the results of the investigation to the consumer before the expiration of the period under section 611(a) (1) within which a consumer reporting agency would be required to complete its action if the consumer had elected to dispute the information under that section; and

(iv) if the investigation finds that the information reported was inaccurate, promptly notify each consumer reporting agency to which the person furnished the inaccurate information of that determination and provide to the agency any correction to that information that is necessary to make the information provided by the person accurate.

(b) Duties of Furnishers of Information upon Notice of Dispute

(1) *In general.* After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681i];

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

(i) modify that item of information;

(ii) delete that item of information; or

(iii) permanently block the reporting of that item of information.

(2) *Deadline.* A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [§ 1681i] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

(e) Accuracy Guidelines and Regulations Required

8) **US DEPARTMENT OF EDU** ▮▮▮▮▮ **– Account Number:** ▮▮▮▮▮

The Account Overview pie chart is INACCURATE!!! First, I DO NOT owe $8,500.00 in

"Installment" Education / Student Loan Debt as recorded on my credit profile as record by NELNET,

AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION

ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS,

LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies!!! See Exhibits A-I.

First, this purported installment account is negligently and fraudulently DUPLICATE

ACCOUNT as it has and is reporting the EXACT SAME 1) Creditor (U.S. Department of Education); 2)

Account Balance ($8,500); 3) Number of 90-day Delinquencies (28); Date Opened (1/28/2009); 4) Last

Payment Date (6/2020); 5) Date of Last Activity (2/2017); 6) Date Major First Delinquency Reported

(2/2017) and 7) Months Reviewed (47) as Installment Account #12, "US DEPARTMENT OF EDU

▮▮▮▮▮ – Account Number: ▮▮▮▮▮" also reported on my credit profile. Therefore, this is clearly

a DUPLICATE & INACCURATE account that needs to be IMMEDIATELY DELETED FROM MY

CREDIT PROFILE!!  See Exhibit A.

Secondly, this account also reports that the information associated with this FRAUDULENT &

INACCURATE account has been reported and reviewed over the last 47 months. If one was to divide 47

months by 12 months (1 year), the result would yield ONLY *an average of 4 years* that this account has

been reported as open. Additionally, this FRAUDULENT & INACCURATE account has reported 28

instances of 90-days or more of delinquencies and/or late payments. Likewise, if you multiply 28

instances by 90-days, this will yield a value of 2,520 days. Now if one was to divide 2,520 days by 365

days (1 year), this would yield a total *average of 6.9 years* of that this account has been reported as open.

So which is it??? Has this account been open for 4 years according to the "Months Reviewed"

---

*See also 12 CFR Part 1022, Subpart E, 16 CFR Part 660, 74 Fed. Reg. 31484 (07/01/09), 86 Fed. Reg.*
*51819-21 (09/17/21)*

information reported? Has this account been open for 6.9 years according to the 28 instances of 90-days or more of delinquencies information reported? or Has this account been open for 14 years according to the "Date Opened" information provided on my Equifax Credit Report? Simply, the reported information is INACCURATE, CONFLICTING, UNTHETHICAL, ILLOGICAL, and simply INCONSISTENT!

Lastly, both this account and Installment Account #12, "US DEPARTMENT OF EDU ███████ – Account Number: ███████" also reported on my credit profile are both OUTDATED, and not even eligible to be reported on my credit profile since the accounts is over 7 years old pursuant to the "Running of Report" provisions of FCRA. Therefore, since these accounts is reported to have been opened 14 years ago on January 28, 2009, they simply need to be DELETED & REMOVED from my credit profile in their entirety… INDEFINENTLY. § 605. Requirements relating to information contained in consumer reports [15 U.S.C. § 1681c].Therefore, this is clearly a DUPLICATE & INACCURATE account that needs to be IMMEDIATELY DELETED FROM MY CREDIT PROFILE!! See Exhibit A.

Furthermore, Pages 5-13 of my Equifax Credit File enclosed as Exhibit A, is direct evidence that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO,, and ALL other Credit Reporting Agencies have been irreparably and negatively reporting INACCURATE, AGED, and DUPLICATE student loan account information on my credit profile for over five (5) years now.  See Exhibits A & B.

I immediately demand that the U.S. Department of Education, NELNET, NATIONAL EDUCATION LOAN NETWORK, INC. & ALL SUBSIDIARIES, AMERICAN EDUCATION SERVICES (AES), and the PENSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA) IMMEDIATELY PROVIDE DOCUMENTATION OF PROOF OF THIS ACCOUNT BEING MINE BY PROVIDING THE FOLLOWING DOCUMENTATION:

1) The Original PROMISSORY NOTE for this Student Loan, with my Original Signature.
2) Disclosure of the Date, Time, Bank, Bank Address, Bank Routing Account Number, and Bank Account Number of the School /College/University that received the disputed $8,500 on my behalf along with any confirmation numbers.

35

3) Proof via actual Bank Documents, Statements, and Confirmation Numbers that the disputed $8,500 amount was actually DEPOSITED into a Bank Account bearing my name, as well as the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that received the disputed funds on my behalf.

4) Proof via a copy of both the Front and Back of the actual Check that was issued to the consumer in the amount of $8,500 and proof that the Check was actually cashed. Please also provide the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that the check was deposited into.

5) Proof that the Creditor and/or CRA timely and fully complied with all Federal and State "Notice", "Service", "Reporting" and/or "Timing" requirements associated with both the FCRA and the Maryland Fair Credit Reporting Agencies Act.

6) Proof that the Creditor and/or CRA timely and fully complied with § 605. Requirements relating to information contained in consumer reports [15 U.S.C. § 1681c] regarding this credit account and the disputes of the consumer above and herein.

7) Proof that the Creditor and/or CRA timely and fully complied with § 605B. Block of information resulting from identity theft [15 U.S.C. § 1681c-2] regarding this credit account and the disputes of the consumer above and herein.

8) Proof that the Creditor and/or CRA timely and fully complied with § 607. Compliance procedures [15 U.S.C. § 1681e] regarding this credit account and the disputes of the consumer above and herein.

9) Proof that the Creditor and/or CRA timely and fully complied with § 609. Disclosures to consumers [15 U.S.C. § 1681g] regarding this credit account and the disputes of the consumer above and herein.

10) Proof that the Creditor and/or CRA timely and fully complied with § 611. Procedure in case of disputed accuracy [15 U.S.C. § 1681i] regarding this credit account and the disputes of the consumer above and herein.

11) Proof that the Creditor and/or CRA timely and fully complied with § 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n] regarding this credit account and the disputes of the consumer above and herein.

12) Proof that the Creditor and/or CRA timely and fully complied with § 617. Civil liability for negligent noncompliance [15 U.S.C. § 1681o] regarding this credit account and the disputes of the consumer above and herein.

13) Proof that the Creditor and/or CRA timely and fully complied with § 618. Jurisdiction of courts; limitation of actions [15 U.S.C. § 1681p] regarding this credit account and the disputes of the consumer above and herein.

14) Proof that the Creditor and/or CRA timely and fully complied with § 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2] regarding this credit account and the disputes of the consumer above and herein.

Pursuant to the FCRA, the Maryland Fair Credit Reporting Agencies Act, the 5th and 14th Amendment to the U.S. Constitution, and the Maryland Bill of Rights, I demand that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies use Exhibits A-I to

CALL ME AT 864-357-4545 AND IMMEDIATELY DELETE & REMOVE THE ABOVE

AND HEREIN MENTIONED INACCURATE, FRAUDULENT AND NEGLEGENTLY REPORTED

INFORMATION FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS

pursuant to the "Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15

U.S.C. § 1681 et seq.!!!! See Exhibits A - I.

I also humbly request that the U.S. Consumer Financial Protection Bureau (CFPB) and the

Maryland Attorney General immediately INVESTIGATE this issue and the knowingly negative,

inaccurate and fraudulent reporting activities of NELNET, AMERICAN EDUCATOIN SERVICES

(AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX,

EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other

Credit Reporting Agencies as an act of HARRASSMENT, IDENTITY THEFT, FRAUD & ABUSE of

Federal Government funds and irreparable harm against the consumer.  15 U.S.C. § 1681 et seq.; the

Maryland Consumer Credit Reporting Agencies Act, Annotated Code of Maryland, Commercial Law

Article, § 14-1201, et seq.; and Maryland Consumer Protection Act ("MCPA"), Md. Code (2013 Repl.

Vol., 2017 Supp.), §§ 13-101 et seq. of the Commercial Law Article ("C.L.").

**9)  US DEPARTMENT OF EDU**         **– Account Number:**

The Account Overview pie chart is INACCURATE!!! First, I DO NOT owe $12,000.00 in

"Installment" Education / Student Loan Debt as recorded on my credit profile as record by NELNET,

AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION

ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS,

LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies!!! See Exhibits A-I.

First, this purported installment account is negligently and fraudulently DUPLICATE

ACCOUNT as it has and is reporting the EXACT SAME 1) Creditor (U.S. Department of Education); 2)

Account Balance ($12,000); 3) Number of 90-day Delinquencies (28); Date Opened (8/24/2009); 4) Last

Payment Date (6/2020); 5) Date of Last Activity (2/2017); 6) Date Major First Delinquency Reported

(2/2017) and 7) Months Reviewed (47) as Installment Account #20, "DEPT OF ED/NELNET

███████ – Account Number: ███████" also reported on my credit profile. Therefore, this is clearly a DUPLICATE & INACCURATE account that needs to be IMMEDIATELY DELETED FROM MY CREDIT PROFILE!! See Exhibit A.

Secondly, this account also reports that the information associated with this FRAUDULENT & INACCURATE account has been reported and reviewed over the last 47 months. If one was to divide 47 months by 12 months (1 year), the result would yield ONLY *__an average of 4 years__* that this account has been reported as open. Additionally, this FRAUDULENT & INACCURATE account has reported 28 instances of 90-days or more of delinquencies and/or late payments. Likewise, if you multiply 28 instances by 90-days, this will yield a value of 2,520 days. Now if one was to divide 2,520 days by 365 days (1 year), this would yield a total *__average of 6.9 years__* of that this account has been reported as open. So which is it??? Has this account been open for 4 years according to the "Months Reviewed" information reported? Has this account been open for 6.9 years according to the 28 instances of 90-days or more of delinquencies information reported? or Has this account been open for 14 years according to the "Date Opened" information provided on my Equifax Credit Report? Simply, the reported information is INACCURATE, CONFLICTING, UNTHETHICAL, ILLOGICAL, and simply INCONSISTENT!

Lastly, both this account and Installment Account #20, "DEPT OF ED/NELNET ███████ Account Number: ███████" also reported on my credit profile are both OUTDATED, and not even eligible to be reported on my credit profile since the accounts is over 7 years old pursuant to the "Running of Report" provisions of FCRA. Therefore, since these accounts is reported to have been

opened 14 years ago on August 24, 2009, they simply need to be DELETED & REMOVED from my credit profile in their entirety... INDEFINENTLY. § 605. Requirements relating to information contained in consumer reports [15 U.S.C. § 1681c].Therefore, this is clearly a DUPLICATE & INACCURATE account that needs to be IMMEDIATELY DELETED FROM MY CREDIT PROFILE!! See Exhibit A.

Furthermore, Pages 5-13 of my Equifax Credit File enclosed as Exhibit A, is direct evidence that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION

ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS,

LEXISNEXIS, CORELOGIC, CREDCO,, and ALL other Credit Reporting Agencies have been

irreparably and negatively reporting INACCURATE, AGED, and DUPLICATE student loan account

information on my credit profile for over five (5) years now.  See Exhibits A & B.

    I immediately demand that the U.S. Department of Education, NELNET, NATIONAL

EDUCATION LOAN NETWORK, INC. & ALL SUBSIDIARIES, AMERICAN EDUCATION

SERVICES (AES), and the PENSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY

(PHEAA) IMMEDIATELY PROVIDE DOCUMENTATION OF PROOF OF THIS ACCOUNT BEING

MINE BY PROVIDING THE FOLLOWING DOCUMENTATION:

1) The Original PROMISSORY NOTE for this Student Loan, with my Original Signature.
2) Disclosure of the Date, Time, Bank, Bank Address, Bank Routing Account Number, and Bank Account Number of the School /College/University that received the disputed $12,000 on my behalf along with any confirmation numbers.
3) Proof via actual Bank Documents, Statements, and Confirmation Numbers that the disputed $12,000 amount was actually DEPOSITED into a Bank Account bearing my name, as well as the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that received the disputed funds on my behalf.
4) Proof via a copy of both the Front and Back of the actual Check that was issued to the consumer in the amount of $12,000 and proof that the Check was actually cashed. Please also provide the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that the check was deposited into.
5) Proof that the Creditor and/or CRA timely and fully complied with all Federal and State "Notice", "Service", "Reporting" and/or "Timing" requirements associated with both the FCRA and the Maryland Fair Credit Reporting Agencies Act.
6) Proof that the Creditor and/or CRA timely and fully complied with § 605. Requirements relating to information contained in consumer reports [15 U.S.C. § 1681c] regarding this credit account and the disputes of the consumer above and herein.
7) Proof that the Creditor and/or CRA timely and fully complied with § 605B. Block of information resulting from identity theft [15 U.S.C. § 1681c-2] regarding this credit account and the disputes of the consumer above and herein.
8) Proof that the Creditor and/or CRA timely and fully complied with § 607. Compliance procedures [15 U.S.C. § 1681e] regarding this credit account and the disputes of the consumer above and herein.
9) Proof that the Creditor and/or CRA timely and fully complied with § 609. Disclosures to consumers [15 U.S.C. § 1681g] regarding this credit account and the disputes of the consumer above and herein.
10) Proof that the Creditor and/or CRA timely and fully complied with § 611. Procedure in case of disputed accuracy [15 U.S.C. § 1681i] regarding this credit account and the disputes of the consumer above and herein.

11) Proof that the Creditor and/or CRA timely and fully complied with § 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n] regarding this credit account and the disputes of the consumer above and herein.

12) Proof that the Creditor and/or CRA timely and fully complied with § 617. Civil liability for negligent noncompliance [15 U.S.C. § 1681o] regarding this credit account and the disputes of the consumer above and herein.

13) Proof that the Creditor and/or CRA timely and fully complied with § 618. Jurisdiction of courts; limitation of actions [15 U.S.C. § 1681p] regarding this credit account and the disputes of the consumer above and herein.

14) Proof that the Creditor and/or CRA timely and fully complied with § 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2] regarding this credit account and the disputes of the consumer above and herein.

Pursuant to the FCRA, the Maryland Fair Credit Reporting Agencies Act, the 5th and 14th Amendment to the U.S. Constitution, and the Maryland Bill of Rights, I demand that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies use Exhibits A-I to CALL ME AT 864-357-4545 AND IMMEDIATELY DELETE & REMOVE THE ABOVE AND HEREIN MENTIONED INACCURATE, FRAUDULENT AND NEGLEGENTLY REPORTED INFORMATION FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS pursuant to the "Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.!!!! See Exhibits A - I.

I also humbly request that the U.S. Consumer Financial Protection Bureau (CFPB) and the Maryland Attorney General immediately INVESTIGATE this issue and the knowingly negative, inaccurate and fraudulent reporting activities of NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies as an act of HARRASSMENT, IDENTITY THEFT, FRAUD & ABUSE of Federal Government funds and irreparable harm against the consumer.  15 U.S.C. § 1681 et seq.; the Maryland Consumer Credit Reporting Agencies Act, Annotated Code of Maryland, Commercial Law Article, § 14-1201, et seq.; and Maryland Consumer Protection Act ("MCPA"), Md. Code (2013 Repl.

Vol., 2017 Supp.), §§ 13-101 et seq. of the Commercial Law Article ("C.L."). **THE SEQUENCE OF ACCOUNT NUMBERS DOESN'T MAKE SENSE!!!**

**10) US DEPARTMENT OF EDU** ██████ **– Account Number:** ██████

The Account Overview pie chart is INACCURATE!!! First, I DO NOT owe $9,332.00 in "Installment" Education / Student Loan Debt as recorded on my credit profile as record by NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies!!! See Exhibits A-I.

First, this purported installment account is negligently and fraudulently DUPLICATE ACCOUNT as it has and is reporting the EXACT SAME 1) Creditor (U.S. Department of Education); 2) Account Balance ($9,332); 3) Number of 90-day Delinquencies (28); Date Opened (1/28/2009); 4) Last Payment Date (6/2020); 5) Date of Last Activity (2/2017); 6) Date Major First Delinquency Reported (2/2017) and 7) Months Reviewed (47) as Installment Account #17, "DEPT OF ED/NELNET ██████ – Account Number: ██████" also reported on my credit profile. Therefore, this is clearly a DUPLICATE & INACCURATE account that needs to be IMMEDIATELY DELETED FROM MY CREDIT PROFILE!! See Exhibit A.

Secondly, this account also reports that the information associated with this FRAUDULENT & INACCURATE account has been reported and reviewed over the last 47 months. If one was to divide 47 months by 12 months (1 year), the result would yield ONLY ***an average of 4 years*** that this account has been reported as open. Additionally, this FRAUDULENT & INACCURATE account has reported 28 instances of 90-days or more of delinquencies and/or late payments. Likewise, if you multiply 28 instances by 90-days, this will yield a value of 2,520 days. Now if one was to divide 2,520 days by 365 days (1 year), this would yield a total ***average of 6.9 years*** of that this account has been reported as open. So which is it??? Has this account been open for 4 years according to the "Months Reviewed" information reported? Has this account been open for 6.9 years according to the 28 instances of 90-days or more of delinquencies information reported? or Has this account been open for 14 years according to

the "Date Opened" information provided on my Equifax Credit Report? Simply, the reported information is INACCURATE, CONFLICTING, UNTHETHICAL, ILLOGICAL, and simply INCONSISTENT!

Lastly, both this account and Installment Account #17, "DEPT OF ED/NELNET ▮▮▮▮▮▮▮▮ Account Number: ▮▮▮▮▮▮▮▮ also reported on my credit profile are both OUTDATED, and not even eligible to be reported on my credit profile since the accounts is over 7 years old pursuant to the "Running of Report" provisions of FCRA. Therefore, since these accounts is reported to have been opened 14 years ago on January 28, 2009, they simply need to be DELETED & REMOVED from my credit profile in their entirety... INDEFINENTLY. § 605. Requirements relating to information contained in consumer reports [15 U.S.C. § 1681c].Therefore, this is clearly a DUPLICATE & INACCURATE account that needs to be IMMEDIATELY DELETED FROM MY CREDIT PROFILE!! See Exhibit A.

Furthermore, Pages 5-13 of my Equifax Credit File enclosed as Exhibit A, is direct evidence that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO,, and ALL other Credit Reporting Agencies have been irreparably and negatively reporting INACCURATE, AGED, and DUPLICATE student loan account information on my credit profile for over five (5) years now. See Exhibits A & B.

I immediately demand that the U.S. Department of Education, NELNET, NATIONAL EDUCATION LOAN NETWORK, INC. & ALL SUBSIDIARIES, AMERICAN EDUCATION SERVICES (AES), and the PENSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA) IMMEDIATELY PROVIDE DOCUMENTATION OF PROOF OF THIS ACCOUNT BEING MINE BY PROVIDING THE FOLLOWING DOCUMENTATION:

1) The Original PROMISSORY NOTE for this Student Loan, with my Original Signature.
2) Disclosure of the Date, Time, Bank, Bank Address, Bank Routing Account Number, and Bank Account Number of the School /College/University that received the disputed $9,322 on my behalf along with any confirmation numbers.
3) Proof via actual Bank Documents, Statements, and Confirmation Numbers that the disputed $9,322 amount was actually DEPOSITED into a Bank Account bearing my name, as well as the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that received the disputed funds on my behalf.

4) Proof via a copy of both the Front and Back of the actual Check that was issued to the consumer in the amount of $9,322 and proof that the Check was actually cashed. Please also provide the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that the check was deposited into.

5) Proof that the Creditor and/or CRA timely and fully complied with all Federal and State "Notice", "Service", "Reporting" and/or "Timing" requirements associated with both the FCRA and the Maryland Fair Credit Reporting Agencies Act.

6) Proof that the Creditor and/or CRA timely and fully complied with § 605. Requirements relating to information contained in consumer reports [15 U.S.C. § 1681c] regarding this credit account and the disputes of the consumer above and herein.

7) Proof that the Creditor and/or CRA timely and fully complied with § 605B. Block of information resulting from identity theft [15 U.S.C. § 1681c-2] regarding this credit account and the disputes of the consumer above and herein.

8) Proof that the Creditor and/or CRA timely and fully complied with § 607. Compliance procedures [15 U.S.C. § 1681e] regarding this credit account and the disputes of the consumer above and herein.

9) Proof that the Creditor and/or CRA timely and fully complied with § 609. Disclosures to consumers [15 U.S.C. § 1681g] regarding this credit account and the disputes of the consumer above and herein.

10) Proof that the Creditor and/or CRA timely and fully complied with § 611. Procedure in case of disputed accuracy [15 U.S.C. § 1681i] regarding this credit account and the disputes of the consumer above and herein.

11) Proof that the Creditor and/or CRA timely and fully complied with § 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n] regarding this credit account and the disputes of the consumer above and herein.

12) Proof that the Creditor and/or CRA timely and fully complied with § 617. Civil liability for negligent noncompliance [15 U.S.C. § 1681o] regarding this credit account and the disputes of the consumer above and herein.

13) Proof that the Creditor and/or CRA timely and fully complied with § 618. Jurisdiction of courts; limitation of actions [15 U.S.C. § 1681p] regarding this credit account and the disputes of the consumer above and herein.

14) Proof that the Creditor and/or CRA timely and fully complied with § 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2] regarding this credit account and the disputes of the consumer above and herein.

Pursuant to the FCRA, the Maryland Fair Credit Reporting Agencies Act, the 5th and 14th

Amendment to the U.S. Constitution, and the Maryland Bill of Rights, I demand that NELNET,

AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION

ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS,

LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies use Exhibits A-I to

CALL ME AT 864-357-4545 AND IMMEDIATELY DELETE & REMOVE THE ABOVE

AND HEREIN MENTIONED INACCURATE, FRAUDULENT AND NEGLEGENTLY REPORTED

INFORMATION FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS

pursuant to the "Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15

U.S.C. § 1681 et seq.!!!! See Exhibits A - I.

      I also humbly request that the U.S. Consumer Financial Protection Bureau (CFPB) and the

Maryland Attorney General immediately INVESTIGATE this issue and the knowingly negative,

inaccurate and fraudulent reporting activities of NELNET, AMERICAN EDUCATOIN SERVICES

(AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX,

EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other

Credit Reporting Agencies as an act of HARRASSMENT, IDENTITY THEFT, FRAUD & ABUSE of

Federal Government funds and irreparable harm against the consumer.  15 U.S.C. § 1681 et seq.; the

Maryland Consumer Credit Reporting Agencies Act, Annotated Code of Maryland, Commercial Law

Article, § 14-1201, et seq.; and Maryland Consumer Protection Act ("MCPA"), Md. Code (2013 Repl.

Vol., 2017 Supp.), §§ 13-101 et seq. of the Commercial Law Article ("C.L.").

**11) US DEPARTMENT OF EDU**        **– Account Number:**

      The Account Overview pie chart is INACCURATE!!! First, I DO NOT owe $10,250.00 in

"Installment" Education / Student Loan Debt as recorded on my credit profile as record by NELNET,

AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION

ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS,

LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies!!! See Exhibits A-I.

      First, this purported installment account is negligently and fraudulently DUPLICATE

ACCOUNT as it has and is reporting the EXACT SAME 1) Creditor (U.S. Department of Education); 2)

Account Balance ($10,250); 3) Number of 90-day Delinquencies (28); Date Opened (9/25/2013); 4) Last

Payment Date (6/2020); 5) Date of Last Activity (2/2017); 6) Date Major First Delinquency Reported

(2/2017) and 7) Months Reviewed (47) as Installment Account #22, "DEPT OF ED/NELNET

      – Account Number:       " also reported on my credit profile. Therefore, this is

clearly a DUPLICATE & INACCURATE account that needs to be IMMEDIATELY DELETED FROM MY CREDIT PROFILE!!  See Exhibit A.

Secondly, this account also reports that the information associated with this FRAUDULENT & INACCURATE account has been reported and reviewed over the last 47 months. If one was to divide 47 months by 12 months (1 year), the result would yield ONLY *an average of 4 years* that this account has been reported as open. Additionally, this FRAUDULENT & INACCURATE account has reported 28 instances of 90-days or more of delinquencies and/or late payments. Likewise, if you multiply 28 instances by 90-days, this will yield a value of 2,520 days.  Now if one was to divide 2,520 days by 365

days (1 year), this would yield a total *average of 6.9 years* of that this account has been reported as open. So which is it??? Has this account been open for 4 years according to the "Months Reviewed" information reported? Has this account been open for 6.9 years according to the 28 instances of 90-days or more of delinquencies information reported? or Has this account been open for 10 years according to the "Date Opened" information provided on my Equifax Credit Report? Simply, the reported information is INACCURATE, CONFLICTING, UNTHETHICAL, ILLOGICAL, and simply INCONSISTENT!

Lastly, both this account and Installment Account #22, "DEPT OF ED/NELNET ███████ Account Number: ███████████' also reported on my credit profile are both OUTDATED, and not even eligible to be reported on my credit profile since the accounts is over 7 years old pursuant to the "Running of Report" provisions of FCRA. Therefore, since these accounts is reported to have been opened 10 years ago on September 25, 2013 they simply need to be DELETED & REMOVED from my credit profile in their entirety… INDEFINENTLY. § 605. Requirements relating to information contained in consumer reports [15 U.S.C. § 1681c]. Therefore, this is clearly a DUPLICATE & INACCURATE account that needs to be IMMEDIATELY DELETED FROM MY CREDIT PROFILE!!  See Exhibit A.

Furthermore, Pages 5-13 of my Equifax Credit File enclosed as Exhibit A, is direct evidence that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS,

LEXISNEXIS, CORELOGIC, CREDCO,, and ALL other Credit Reporting Agencies have been irreparably and negatively reporting INACCURATE, AGED, and DUPLICATE student loan account information on my credit profile for over five (5) years now.  See Exhibits A & B.

I immediately demand that the U.S. Department of Education, NELNET, NATIONAL EDUCATION LOAN NETWORK, INC. & ALL SUBSIDIARIES, AMERICAN EDUCATION SERVICES (AES), and the PENSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY

(PHEAA) IMMEDIATELY PROVIDE DOCUMENTATION OF PROOF OF THIS ACCOUNT BEING MINE BY PROVIDING THE FOLLOWING DOCUMENTATION:

1) The Original PROMISSORY NOTE for this Student Loan, with my Original Signature.
2) Disclosure of the Date, Time, Bank, Bank Address, Bank Routing Account Number, and Bank Account Number of the School /College/University that received the disputed $10,250 on my behalf along with any confirmation numbers.
3) Proof via actual Bank Documents, Statements, and Confirmation Numbers that the disputed $10,250 amount was actually DEPOSITED into a Bank Account bearing my name, as well as the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that received the disputed funds on my behalf.
4) Proof via a copy of both the Front and Back of the actual Check that was issued to the consumer in the amount of $10,250 and proof that the Check was actually cashed. Please also provide the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that the check was deposited into.
5) Proof that the Creditor and/or CRA timely and fully complied with all Federal and State "Notice", "Service", "Reporting" and/or "Timing" requirements associated with both the FCRA and the Maryland Fair Credit Reporting Agencies Act.
6) Proof that the Creditor and/or CRA timely and fully complied with § 605. Requirements relating to information contained in consumer reports [15 U.S.C. § 1681c] regarding this credit account and the disputes of the consumer above and herein.
7) Proof that the Creditor and/or CRA timely and fully complied with § 605B. Block of information resulting from identity theft [15 U.S.C. § 1681c-2] regarding this credit account and the disputes of the consumer above and herein.
8) Proof that the Creditor and/or CRA timely and fully complied with § 607. Compliance procedures [15 U.S.C. § 1681e] regarding this credit account and the disputes of the consumer above and herein.
9) Proof that the Creditor and/or CRA timely and fully complied with § 609. Disclosures to consumers [15 U.S.C. § 1681g] regarding this credit account and the disputes of the consumer above and herein.
10) Proof that the Creditor and/or CRA timely and fully complied with § 611. Procedure in case of disputed accuracy [15 U.S.C. § 1681i] regarding this credit account and the disputes of the consumer above and herein.

11) Proof that the Creditor and/or CRA timely and fully complied with § 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n] regarding this credit account and the disputes of the consumer above and herein.
12) Proof that the Creditor and/or CRA timely and fully complied with § 617. Civil liability for negligent noncompliance [15 U.S.C. § 1681o] regarding this credit account and the disputes of the consumer above and herein.
13) Proof that the Creditor and/or CRA timely and fully complied with § 618. Jurisdiction of courts; limitation of actions [15 U.S.C. § 1681p] regarding this credit account and the disputes of the consumer above and herein.
14) Proof that the Creditor and/or CRA timely and fully complied with § 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2] regarding this credit account and the disputes of the consumer above and herein.

Pursuant to the FCRA, the Maryland Fair Credit Reporting Agencies Act, the 5th and 14th Amendment to the U.S. Constitution, and the Maryland Bill of Rights, I demand that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENNSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies use Exhibits A-I to CALL ME AT 864-357-4545 AND IMMEDIATELY DELETE & REMOVE THE ABOVE AND HEREIN MENTIONED INACCURATE, FRAUDULENT AND NEGLEGENTLY REPORTED INFORMATION FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS pursuant to the "Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.!!!! See Exhibits A - I.

I also humbly request that the U.S. Consumer Financial Protection Bureau (CFPB) and the Maryland Attorney General immediately INVESTIGATE this issue and the knowingly negative, inaccurate and fraudulent reporting activities of NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENNSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies as an act of HARRASSMENT, IDENTITY THEFT, FRAUD & ABUSE of Federal Government funds and irreparable harm against the consumer.  15 U.S.C. § 1681 et seq.; the Maryland Consumer Credit Reporting Agencies Act, Annotated Code of Maryland, Commercial Law

Article, § 14-1201, et seq.; and Maryland Consumer Protection Act ("MCPA"), Md. Code (2013 Repl. Vol., 2017 Supp.), §§ 13-101 et seq. of the Commercial Law Article ("C.L.").

**12) US DEPARTMENT OF EDU** ▮▮▮▮ **– Account Number:** ▮▮▮▮

The Account Overview pie chart is INACCURATE!!! First, I DO NOT owe $8,500.00 in "Installment" Education / Student Loan Debt as recorded on my credit profile as record by NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies!!! See Exhibits A-I.

First, this purported installment account is negligently and fraudulently DUPLICATE ACCOUNT as it has and is reporting the EXACT SAME 1) Creditor (U.S. Department of Education); 2) Account Balance ($8,500); 3) Number of 90-day Delinquencies (28); Date Opened (1/28/2009); 4) Last Payment Date (6/2020); 5) Date of Last Activity (2/2017); 6) Date Major First Delinquency Reported (2/2017) and 7) Months Reviewed (47) as Installment Account #8, "US DEPARTMENT OF EDU ▮▮▮▮ – Account Number: ▮▮▮▮ also reported on my credit profile. Therefore, this is clearly a DUPLICATE & INACCURATE account that needs to be IMMEDIATELY DELETED FROM MY CREDIT PROFILE!! See Exhibit A.

Secondly, this account also reports that the information associated with this FRAUDULENT & INACCURATE account has been reported and reviewed over the last 47 months. If one was to divide 47 months by 12 months (1 year), the result would yield ONLY ___an average of 4 years___ that this account has been reported as open. Additionally, this FRAUDULENT & INACCURATE account has reported 28 instances of 90-days or more of delinquencies and/or late payments. Likewise, if you multiply 28 instances by 90-days, this will yield a value of 2,520 days. Now if one was to divide 2,520 days by 365 days (1 year), this would yield a total ___average of 6.9 years___ of that this account has been reported as open. So which is it??? Has this account been open for 4 years according to the "Months Reviewed" information reported? Has this account been open for 6.9 years according to the 28 instances of 90-days or more of delinquencies information reported? or Has this account been open for 14 years according to

the "Date Opened" information provided on my Equifax Credit Report? Simply, the reported information is INACCURATE, CONFLICTING, UNTHETHICAL, ILLOGICAL, and simply INCONSISTENT!

Lastly, both this account and Installment Account #8, "US DEPARTMENT OF EDU ███████ – Account Number: ██████" also reported on my credit profile are both OUTDATED, and not even eligible to be reported on my credit profile since the accounts is over 7 years old pursuant to the "Running of Report" provisions of FCRA. Therefore, since these accounts is reported to have been opened 14 years ago on January 28, 2009, they simply need to be DELETED & REMOVED from my credit profile in their entirety… INDEFINENTLY. § 605. Requirements relating to information contained in consumer reports [15 U.S.C. § 1681c].Therefore, this is clearly a DUPLICATE & INACCURATE account that needs to be IMMEDIATELY DELETED FROM MY CREDIT PROFILE!! See Exhibit A.

Furthermore, Pages 5-13 of my Equifax Credit File enclosed as Exhibit A, is direct evidence that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO,, and ALL other Credit Reporting Agencies have been irreparably and negatively reporting INACCURATE, AGED, and DUPLICATE student loan account information on my credit profile for over five (5) years now.  See Exhibits A & B.

I immediately demand that the U.S. Department of Education, NELNET, NATIONAL EDUCATION LOAN NETWORK, INC. & ALL SUBSIDIARIES, AMERICAN EDUCATION SERVICES (AES), and the PENSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA) IMMEDIATELY PROVIDE DOCUMENTATION OF PROOF OF THIS ACCOUNT BEING MINE BY PROVIDING THE FOLLOWING DOCUMENTATION:

1) The Original PROMISSORY NOTE for this Student Loan, with my Original Signature.
2) Disclosure of the Date, Time, Bank, Bank Address, Bank Routing Account Number, and Bank Account Number of the School /College/University that received the disputed $8,500 on my behalf along with any confirmation numbers.
3) Proof via actual Bank Documents, Statements, and Confirmation Numbers that the disputed $8,500 amount was actually DEPOSITED into a Bank Account bearing my name, as well as the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that received the disputed funds on my behalf.

4) Proof via a copy of both the Front and Back of the actual Check that was issued to the consumer in the amount of $8,500 and proof that the Check was actually cashed. Please also provide the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that the check was deposited into.

5) Proof that the Creditor and/or CRA timely and fully complied with all Federal and State "Notice", "Service", "Reporting" and/or "Timing" requirements associated with both the FCRA and the Maryland Fair Credit Reporting Agencies Act.

6) Proof that the Creditor and/or CRA timely and fully complied with § 605. Requirements relating to information contained in consumer reports [15 U.S.C. § 1681c] regarding this credit account and the disputes of the consumer above and herein.

7) Proof that the Creditor and/or CRA timely and fully complied with § 605B. Block of information resulting from identity theft [15 U.S.C. § 1681c-2] regarding this credit account and the disputes of the consumer above and herein.

8) Proof that the Creditor and/or CRA timely and fully complied with § 607. Compliance procedures [15 U.S.C. § 1681e] regarding this credit account and the disputes of the consumer above and herein.

9) Proof that the Creditor and/or CRA timely and fully complied with § 609. Disclosures to consumers [15 U.S.C. § 1681g] regarding this credit account and the disputes of the consumer above and herein.

10) Proof that the Creditor and/or CRA timely and fully complied with § 611. Procedure in case of disputed accuracy [15 U.S.C. § 1681i] regarding this credit account and the disputes of the consumer above and herein.

11) Proof that the Creditor and/or CRA timely and fully complied with § 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n] regarding this credit account and the disputes of the consumer above and herein.

12) Proof that the Creditor and/or CRA timely and fully complied with § 617. Civil liability for negligent noncompliance [15 U.S.C. § 1681o] regarding this credit account and the disputes of the consumer above and herein.

13) Proof that the Creditor and/or CRA timely and fully complied with § 618. Jurisdiction of courts; limitation of actions [15 U.S.C. § 1681p] regarding this credit account and the disputes of the consumer above and herein.

14) Proof that the Creditor and/or CRA timely and fully complied with § 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2] regarding this credit account and the disputes of the consumer above and herein.

Pursuant to the FCRA, the Maryland Fair Credit Reporting Agencies Act, the 5th and 14th Amendment to the U.S. Constitution, and the Maryland Bill of Rights, I demand that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies use Exhibits A-I to CALL ME AT 864-357-4545 AND IMMEDIATELY DELETE & REMOVE THE ABOVE AND HEREIN MENTIONED INACCURATE, FRAUDULENT AND NEGLEGENTLY REPORTED INFORMATION FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS

pursuant to the "Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.!!!! See Exhibits A - I.

I also humbly request that the U.S. Consumer Financial Protection Bureau (CFPB) and the Maryland Attorney General immediately INVESTIGATE this issue and the knowingly negative, inaccurate and fraudulent reporting activities of NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies as an act of HARRASSMENT, IDENTITY THEFT, FRAUD & ABUSE of Federal Government funds and irreparable harm against the consumer. 15 U.S.C. § 1681 et seq.; the Maryland Consumer Credit Reporting Agencies Act, Annotated Code of Maryland, Commercial Law Article, § 14-1201, et seq.; and Maryland Consumer Protection Act ("MCPA"), Md. Code (2013 Repl. Vol., 2017 Supp.), §§ 13-101 et seq. of the Commercial Law Article ("C.L.").

**13) US DEPARTMENT OF EDU** ▮▮▮▮▮ **– Account Number:** ▮▮▮▮▮▮

The Account Overview pie chart is INACCURATE!!! First, I DO NOT owe $20,500.00 in "Installment" Education / Student Loan Debt as recorded on my credit profile as record by NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies!!! See Exhibits A-I.

First, this purported installment account is negligently and fraudulently DUPLICATE ACCOUNT as it has and is reporting the EXACT SAME 1) Creditor (U.S. Department of Education); 2) Account Balance ($20,500); 3) Number of 90-day Delinquencies (28); Date Opened (3/12/2015); 4) Last Payment Date (6/2020); 5) Date of Last Activity (2/2017); 6) Date Major First Delinquency Reported (2/2017) and 7) Months Reviewed (47) as Installment Account #15, "DEPT OF ED/NELNET ▮▮▮▮▮ – Account Number: ▮▮▮▮▮▮" also reported on my credit profile. Therefore, this is clearly a DUPLICATE & INACCURATE account that needs to be IMMEDIATELY DELETED FROM MY CREDIT PROFILE!! See Exhibit A.

Secondly, this account also reports that the information associated with this FRAUDULENT & INACCURATE account has been reported and reviewed over the last 47 months. If one was to divide 47 months by 12 months (1 year), the result would yield ONLY *an average of 4 years* that this account has been reported as open. Additionally, this FRAUDULENT & INACCURATE account has reported 28 instances of 90-days or more of delinquencies and/or late payments. Likewise, if you multiply 28 instances by 90-days, this will yield a value of 2,520 days. Now if one was to divide 2,520 days by 365 days (1 year), this would yield a total *average of 6.9 years* of that this account has been reported as open. So which is it??? Has this account been open for 4 years according to the "Months Reviewed" information reported? Has this account been open for 6.9 years according to the 28 instances of 90-days or more of delinquencies information reported? or Has this account been open for 8 years according to the "Date Opened" information provided on my Equifax Credit Report? Simply, the reported information is INACCURATE, CONFLICTING, UNTHETHICAL, ILLOGICAL, and simply INCONSISTENT!

Lastly, both this account and Installment Account #15, "DEPT OF ED/NELNET ▮▮▮▮▮ Account Number: ▮▮▮▮▮▮▮ also reported on my credit profile are both OUTDATED, and not even eligible to be reported on my credit profile since the accounts is over 7 years old pursuant to the "Running of Report" provisions of FCRA. Therefore, since these accounts is reported to have been opened 8 years ago on March 12, 2015, they simply need to be DELETED & REMOVED from my credit profile in their entirety... INDEFINENTLY. § 605. Requirements relating to information contained in consumer reports [15 U.S.C. § 1681c]. Therefore, this is clearly a DUPLICATE & INACCURATE account that needs to be IMMEDIATELY DELETED FROM MY CREDIT PROFILE!! See Exhibit A.

Furthermore, Pages 5-13 of my Equifax Credit File enclosed as Exhibit A, is direct evidence that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies have been irreparably and negatively reporting INACCURATE, AGED, and DUPLICATE student loan account information on my credit profile for over five (5) years now. See Exhibits A & B.

I immediately demand that the U.S. Department of Education, NELNET, NATIONAL EDUCATION LOAN NETWORK, INC. & ALL SUBSIDIARIES, AMERICAN EDUCATION SERVICES (AES), and the PENSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA) IMMEDIATELY PROVIDE DOCUMENTATION OF PROOF OF THIS ACCOUNT BEING MINE BY PROVIDING THE FOLLOWING DOCUMENTATION:

1) The Original PROMISSORY NOTE for this Student Loan, with my Original Signature.
2) Disclosure of the Date, Time, Bank, Bank Address, Bank Routing Account Number, and Bank Account Number of the School /College/University that received the disputed $20,500 on my behalf along with any confirmation numbers.
3) Proof via actual Bank Documents, Statements, and Confirmation Numbers that the disputed $20,500 amount was actually DEPOSITED into a Bank Account bearing my name, as well as the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that received the disputed funds on my behalf.
4) Proof via a copy of both the Front and Back of the actual Check that was issued to the consumer in the amount of $20,500 and proof that the Check was actually cashed. Please also provide the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that the check was deposited into.
5) Proof that the Creditor and/or CRA timely and fully complied with all Federal and State "Notice", "Service", "Reporting" and/or "Timing" requirements associated with both the FCRA and the Maryland Fair Credit Reporting Agencies Act.
6) Proof that the Creditor and/or CRA timely and fully complied with § 605. Requirements relating to information contained in consumer reports [15 U.S.C. § 1681c] regarding this credit account and the disputes of the consumer above and herein.
7) Proof that the Creditor and/or CRA timely and fully complied with § 605B. Block of information resulting from identity theft [15 U.S.C. § 1681c-2] regarding this credit account and the disputes of the consumer above and herein.
8) Proof that the Creditor and/or CRA timely and fully complied with § 607. Compliance procedures [15 U.S.C. § 1681e] regarding this credit account and the disputes of the consumer above and herein.
9) Proof that the Creditor and/or CRA timely and fully complied with § 609. Disclosures to consumers [15 U.S.C. § 1681g] regarding this credit account and the disputes of the consumer above and herein.
10) Proof that the Creditor and/or CRA timely and fully complied with § 611. Procedure in case of disputed accuracy [15 U.S.C. § 1681i] regarding this credit account and the disputes of the consumer above and herein.
11) Proof that the Creditor and/or CRA timely and fully complied with § 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n] regarding this credit account and the disputes of the consumer above and herein.
12) Proof that the Creditor and/or CRA timely and fully complied with § 617. Civil liability for negligent noncompliance [15 U.S.C. § 1681o] regarding this credit account and the disputes of the consumer above and herein.
13) Proof that the Creditor and/or CRA timely and fully complied with § 618. Jurisdiction of courts; limitation of actions [15 U.S.C. § 1681p] regarding this credit account and the disputes of the consumer above and herein.

14) Proof that the Creditor and/or CRA timely and fully complied with § 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2] regarding this credit account and the disputes of the consumer above and herein.

Pursuant to the FCRA, the Maryland Fair Credit Reporting Agencies Act, the 5th and 14th Amendment to the U.S. Constitution, and the Maryland Bill of Rights, I demand that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies use Exhibits A-I to

CALL ME AT 864-357-4545 AND IMMEDIATELY DELETE & REMOVE THE ABOVE AND HEREIN MENTIONED INACCURATE, FRAUDULENT AND NEGLEGENTLY REPORTED INFORMATION FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS pursuant to the "Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.!!!! See Exhibits A - I.

I also humbly request that the U.S. Consumer Financial Protection Bureau (CFPB) and the Maryland Attorney General immediately INVESTIGATE this issue and the knowingly negative, inaccurate and fraudulent reporting activities of NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies as an act of HARRASSMENT, IDENTITY THEFT, FRAUD & ABUSE of Federal Government funds and irreparable harm against the consumer. 15 U.S.C. § 1681 et seq.; the Maryland Consumer Credit Reporting Agencies Act, Annotated Code of Maryland, Commercial Law Article, § 14-1201, et seq.; and Maryland Consumer Protection Act ("MCPA"), Md. Code (2013 Repl. Vol., 2017 Supp.), §§ 13-101 et seq. of the Commercial Law Article ("C.L.").

**14) US DEPARTMENT OF EDU** ▮▮▮▮▮ **– Account Number:** ▮▮▮▮▮

The Account Overview pie chart is INACCURATE!!! First, I DO NOT owe $10,250.00 in "Installment" Education / Student Loan Debt as recorded on my credit profile as record by NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION

ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies!!! See Exhibits A-I.

First, this purported installment account is negligently and fraudulently DUPLICATE ACCOUNT as it has and is reporting the EXACT SAME 1) Creditor (U.S. Department of Education); 2) Account Balance ($10,250); 3) Number of 90-day Delinquencies (28); Date Opened (1/5/2016); 4) Last Payment Date (6/2020); 5) Date of Last Activity (2/2017); 6) Date Major First Delinquency Reported (2/2017) and 7) Months Reviewed (47) as Installment Account #21, "DEPT OF ED/NELNET ▇▇▇▇▇ – Account Number: ▇▇▇▇▇ also reported on my credit profile. Therefore, this is clearly a DUPLICATE & INACCURATE account that needs to be IMMEDIATELY DELETED FROM MY CREDIT PROFILE!! See Exhibit A.

Secondly, this account also reports that the information associated with this FRAUDULENT & INACCURATE account has been reported and reviewed over the last 47 months. If one was to divide 47 months by 12 months (1 year), the result would yield ONLY ***an average of 4 years*** that this account has been reported as open. Additionally, this FRAUDULENT & INACCURATE account has reported 28 instances of 90-days or more of delinquencies and/or late payments. Likewise, if you multiply 28 instances by 90-days, this will yield a value of 2,520 days.  Now if one was to divide 2,520 days by 365 days (1 year), this would yield a total ***average of 6.9 years*** of that this account has been reported as open. So which is it??? Has this account been open for 4 years according to the "Months Reviewed" information reported? Has this account been open for 6.9 years according to the 28 instances of 90-days or more of delinquencies information reported? or Has this account been open for 7 years according to the "Date Opened" information provided on my Equifax Credit Report? Simply, the reported information is INACCURATE, CONFLICTING, UNTHETHICAL, ILLOGICAL, and simply INCONSISTENT!

Lastly, both this account and Installment Account #21, "DEPT OF ED/NELNET ▇▇▇▇▇ Account Number: ▇▇▇▇▇ also reported on my credit profile are both OUTDATED, and not even eligible to be reported on my credit profile since the accounts is over 7 years old pursuant to the

"Running of Report" provisions of FCRA. Therefore, since these accounts is reported to have been opened 7 years ago on January 5, 2016, they simply need to be DELETED & REMOVED from my credit profile in their entirety… INDEFINENTLY. § 605. Requirements relating to information contained in consumer reports [15 U.S.C. § 1681c]. Therefore, this is clearly a DUPLICATE & INACCURATE account that needs to be IMMEDIATELY DELETED FROM MY CREDIT PROFILE!!  See Exhibit A.

Furthermore, Pages 5-13 of my Equifax Credit File enclosed as Exhibit A, is direct evidence that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO,, and ALL other Credit Reporting Agencies have been irreparably and negatively reporting INACCURATE, AGED, and DUPLICATE student loan account information on my credit profile for over five (5) years now.  See Exhibits A & B.

 I immediately demand that the U.S. Department of Education, NELNET, NATIONAL EDUCATION LOAN NETWORK, INC. & ALL SUBSIDIARIES, AMERICAN EDUCATION SERVICES (AES), and the PENSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA) IMMEDIATELY PROVIDE DOCUMENTATION OF PROOF OF THIS ACCOUNT BEING MINE BY PROVIDING THE FOLLOWING DOCUMENTATION:

1) The Original PROMISSORY NOTE for this Student Loan, with my Original Signature.
2) Disclosure of the Date, Time, Bank, Bank Address, Bank Routing Account Number, and Bank Account Number of the School /College/University that received the disputed $10,250 on my behalf along with any confirmation numbers.
3) Proof via actual Bank Documents, Statements, and Confirmation Numbers that the disputed $10,250 amount was actually DEPOSITED into a Bank Account bearing my name, as well as the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that received the disputed funds on my behalf.
4) Proof via a copy of both the Front and Back of the actual Check that was issued to the consumer in the amount of $10,250 and proof that the Check was actually cashed. Please also provide the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that the check was deposited into.
5) Proof that the Creditor and/or CRA timely and fully complied with all Federal and State "Notice", "Service", "Reporting" and/or "Timing" requirements associated with both the FCRA and the Maryland Fair Credit Reporting Agencies Act.
6) Proof that the Creditor and/or CRA timely and fully complied with § 605. Requirements relating to information contained in consumer reports [15 U.S.C. § 1681c] regarding this credit account and the disputes of the consumer above and herein.

7) Proof that the Creditor and/or CRA timely and fully complied with § 605B. Block of information resulting from identity theft [15 U.S.C. § 1681c-2] regarding this credit account and the disputes of the consumer above and herein.

8) Proof that the Creditor and/or CRA timely and fully complied with § 607. Compliance procedures [15 U.S.C. § 1681e] regarding this credit account and the disputes of the consumer above and herein.

9) Proof that the Creditor and/or CRA timely and fully complied with § 609. Disclosures to consumers [15 U.S.C. § 1681g] regarding this credit account and the disputes of the consumer above and herein.

10) Proof that the Creditor and/or CRA timely and fully complied with § 611. Procedure in case of disputed accuracy [15 U.S.C. § 1681i] regarding this credit account and the disputes of the consumer above and herein.

11) Proof that the Creditor and/or CRA timely and fully complied with § 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n] regarding this credit account and the disputes of the consumer above and herein.

12) Proof that the Creditor and/or CRA timely and fully complied with § 617. Civil liability for negligent noncompliance [15 U.S.C. § 1681o] regarding this credit account and the disputes of the consumer above and herein.

13) Proof that the Creditor and/or CRA timely and fully complied with § 618. Jurisdiction of courts; limitation of actions [15 U.S.C. § 1681p] regarding this credit account and the disputes of the consumer above and herein.

14) Proof that the Creditor and/or CRA timely and fully complied with § 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2] regarding this credit account and the disputes of the consumer above and herein.

Pursuant to the FCRA, the Maryland Fair Credit Reporting Agencies Act, the 5th and 14th Amendment to the U.S. Constitution, and the Maryland Bill of Rights, I demand that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies use Exhibits A-I to CALL ME AT 864-357-4545 AND IMMEDIATELY DELETE & REMOVE THE ABOVE AND HEREIN MENTIONED INACCURATE, FRAUDULENT AND NEGLEGENTLY REPORTED INFORMATION FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS pursuant to the "Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.!!!! See Exhibits A - I.

I also humbly request that the U.S. Consumer Financial Protection Bureau (CFPB) and the Maryland Attorney General immediately INVESTIGATE this issue and the knowingly negative, inaccurate and fraudulent reporting activities of NELNET, AMERICAN EDUCATOIN SERVICES

(AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX,
EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other
Credit Reporting Agencies as an act of HARRASSMENT, IDENTITY THEFT, FRAUD & ABUSE of
Federal Government funds and irreparable harm against the consumer. 15 U.S.C. § 1681 et seq.; the
Maryland Consumer Credit Reporting Agencies Act, Annotated Code of Maryland, Commercial Law
Article, § 14-1201, et seq.; and Maryland Consumer Protection Act ("MCPA"), Md. Code (2013 Repl.
Vol., 2017 Supp.), §§ 13-101 et seq. of the Commercial Law Article ("C.L.").

**15) DEPT OF ED/NELNET** ▆▆▆▆▆ **– Account Number:** ▆▆▆▆▆▆▆

    The Account Overview pie chart is INACCURATE!!! First, I DO NOT owe $20,500.00 in
"Installment" Education / Student Loan Debt as recorded on my credit profile as record by NELNET,
AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION
ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS,
LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies!!! See Exhibits A-I.

    First, this purported installment account is negligently and fraudulently DUPLICATE
ACCOUNT as it has and is reporting the EXACT SAME 1) Creditor (U.S. Department of Education); 2)
Account Balance ($20,500); 3) Number of 90-day Delinquencies (28); Date Opened (3/12/2015); 4) Last
Payment Date (6/2020); 5) Date of Last Activity (2/2017); 6) Date Major First Delinquency Reported
(2/2017) and 7) Months Reviewed (47) as Installment Account #13, "US DEPARTMENT OF EDU
▆▆▆▆▆ – Account Number: ▆▆▆▆▆ also reported on my credit profile. Therefore, this is clearly
a DUPLICATE & INACCURATE account that needs to be IMMEDIATELY DELETED FROM MY
CREDIT PROFILE!! See Exhibit A.

    Secondly, this account also reports that the information associated with this FRAUDULENT &
INACCURATE account has been reported and reviewed over the last 47 months. If one was to divide 47
months by 12 months (1 year), the result would yield ONLY ***an average of 4 years*** that this account has
been reported as open. Additionally, this FRAUDULENT & INACCURATE account has reported 28
instances of 90-days or more of delinquencies and/or late payments. Likewise, if you multiply 28

instances by 90-days, this will yield a value of 2,520 days. Now if one was to divide 2,520 days by 365 days (1 year), this would yield a total ***average of 6.9 years*** of that this account has been reported as open. So which is it??? Has this account been open for 4 years according to the "Months Reviewed" information reported? Has this account been open for 6.9 years according to the 28 instances of 90-days or more of delinquencies information reported? or Has this account been open for 8 years according to the "Date Opened" information provided on my Equifax Credit Report? Simply, the reported information is INACCURATE, CONFLICTING, UNTHETHICAL, ILLOGICAL, and simply INCONSISTENT!

Lastly, both this account and Installment Account #15, "DEPT OF ED/NELNET ██████████ Account Number: ████████████" also reported on my credit profile are both OUTDATED, and not even eligible to be reported on my credit profile since the accounts is over 7 years old pursuant to the "Running of Report" provisions of FCRA. Therefore, since these accounts is reported to have been opened 8 years ago on March 12, 2015, they simply need to be DELETED & REMOVED from my credit profile in their entirety… INDEFINENTLY. § 605. Requirements relating to information contained in consumer reports [15 U.S.C. § 1681c]. Therefore, this is clearly a DUPLICATE & INACCURATE account that needs to be IMMEDIATELY DELETED FROM MY CREDIT PROFILE!! See Exhibit A.

Furthermore, Pages 5-13 of my Equifax Credit File enclosed as Exhibit A, is direct evidence that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies have been irreparably and negatively reporting INACCURATE, AGED, and DUPLICATE student loan account information on my credit profile for over five (5) years now. See Exhibits A & B.

I immediately demand that the U.S. Department of Education, NELNET, NATIONAL EDUCATION LOAN NETWORK, INC. & ALL SUBSIDIARIES, AMERICAN EDUCATION SERVICES (AES), and the PENSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA) IMMEDIATELY PROVIDE DOCUMENTATION OF PROOF OF THIS ACCOUNT BEING MINE BY PROVIDING THE FOLLOWING DOCUMENTATION:

1) The Original PROMISSORY NOTE for this Student Loan, with my Original Signature.
2) Disclosure of the Date, Time, Bank, Bank Address, Bank Routing Account Number, and Bank Account Number of the School /College/University that received the disputed $20,500 on my behalf along with any confirmation numbers.
3) Proof via actual Bank Documents, Statements, and Confirmation Numbers that the disputed $20,500 amount was actually DEPOSITED into a Bank Account bearing my name, as well as the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that received the disputed funds on my behalf.
4) Proof via a copy of both the Front and Back of the actual Check that was issued to the consumer in the amount of $20,500 and proof that the Check was actually cashed. Please also provide the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that the check was deposited into.


5) Proof that the Creditor and/or CRA timely and fully complied with all Federal and State "Notice", "Service", "Reporting" and/or "Timing" requirements associated with both the FCRA and the Maryland Fair Credit Reporting Agencies Act.
6) Proof that the Creditor and/or CRA timely and fully complied with § 605. Requirements relating to information contained in consumer reports [15 U.S.C. § 1681c] regarding this credit account and the disputes of the consumer above and herein.
7) Proof that the Creditor and/or CRA timely and fully complied with § 605B. Block of information resulting from identity theft [15 U.S.C. § 1681c-2] regarding this credit account and the disputes of the consumer above and herein.
8) Proof that the Creditor and/or CRA timely and fully complied with § 607. Compliance procedures [15 U.S.C. § 1681e] regarding this credit account and the disputes of the consumer above and herein.
9) Proof that the Creditor and/or CRA timely and fully complied with § 609. Disclosures to consumers [15 U.S.C. § 1681g] regarding this credit account and the disputes of the consumer above and herein.
10) Proof that the Creditor and/or CRA timely and fully complied with § 611. Procedure in case of disputed accuracy [15 U.S.C. § 1681i] regarding this credit account and the disputes of the consumer above and herein.
11) Proof that the Creditor and/or CRA timely and fully complied with § 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n] regarding this credit account and the disputes of the consumer above and herein.
12) Proof that the Creditor and/or CRA timely and fully complied with § 617. Civil liability for negligent noncompliance [15 U.S.C. § 1681o] regarding this credit account and the disputes of the consumer above and herein.
13) Proof that the Creditor and/or CRA timely and fully complied with § 618. Jurisdiction of courts; limitation of actions [15 U.S.C. § 1681p] regarding this credit account and the disputes of the consumer above and herein.
14) Proof that the Creditor and/or CRA timely and fully complied with § 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2] regarding this credit account and the disputes of the consumer above and herein.

Pursuant to the FCRA, the Maryland Fair Credit Reporting Agencies Act, the 5th and 14th

Amendment to the U.S. Constitution, and the Maryland Bill of Rights, I demand that NELNET,

AMERICAN EDUCATOIN SERVICES (AES), PENNSYLVANIA HIGHER EDUCATION

ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS,

LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies use Exhibits A-I to

CALL ME AT 864-357-4545 AND IMMEDIATELY DELETE & REMOVE THE ABOVE

AND HEREIN MENTIONED INACCURATE, FRAUDULENT AND NEGLEGENTLY REPORTED

INFORMATION FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS

pursuant to the "Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15

U.S.C. § 1681 et seq.!!!! See Exhibits A - I.

    I also humbly request that the U.S. Consumer Financial Protection Bureau (CFPB) and the

Maryland Attorney General immediately INVESTIGATE this issue and the knowingly negative,

inaccurate and fraudulent reporting activities of NELNET, AMERICAN EDUCATOIN SERVICES

(AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX,

EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other

Credit Reporting Agencies as an act of HARRASSMENT, IDENTITY THEFT, FRAUD & ABUSE of

Federal Government funds and irreparable harm against the consumer.  15 U.S.C. § 1681 et seq.; the

Maryland Consumer Credit Reporting Agencies Act, Annotated Code of Maryland, Commercial Law

Article, § 14-1201, et seq.; and Maryland Consumer Protection Act ("MCPA"), Md. Code (2013 Repl.

Vol., 2017 Supp.), §§ 13-101 et seq. of the Commercial Law Article ("C.L.").

**16) DEPT OF ED/NELNET** ███████ **– Account Number:** ███████

    The Account Overview pie chart is INACCURATE!!! First, I DO NOT owe $8,500.00 in

"Installment" Education / Student Loan Debt as recorded on my credit profile as record by NELNET,

AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION

ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS,

LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies!!! See Exhibits A-I.

    First, this purported installment account is negligently and fraudulently DUPLICATE

ACCOUNT as it has and is reporting the EXACT SAME 1) Creditor (U.S. Department of Education); 2)

Account Balance ($8,500); 3) Number of 90-day Delinquencies (28); Date Opened (8/24/2009); 4) Last

Payment Date (6/2020); 5) Date of Last Activity (2/2017); 6) Date Major First Delinquency Reported

(2/2017) and 7) Months Reviewed (47) as Installment Account #8, "US DEPARTMENT OF EDU

███████ – Account Number: █████ and Installment Account #12, "US DEPARTMENT OF

EDU ███████ – Account Number: █████ also reported on my credit profile. Therefore, this is

clearly a DUPLICATE & INACCURATE account that needs to be IMMEDIATELY DELETED FROM

MY CREDIT PROFILE!! See Exhibit A.

    Secondly, this account also reports that the information associated with this FRAUDULENT &

INACCURATE account has been reported and reviewed over the last 47 months. If one was to divide 47

months by 12 months (1 year), the result would yield ONLY *an average of 4 years* that this account has

been reported as open. Additionally, this FRAUDULENT & INACCURATE account has reported 28

instances of 90-days or more of delinquencies and/or late payments. Likewise, if you multiply 28

instances by 90-days, this will yield a value of 2,520 days. Now if one was to divide 2,520 days by 365

days (1 year), this would yield a total *average of 6.9 years* of that this account has been reported as open.

So which is it??? Has this account been open for 4 years according to the "Months Reviewed"

information reported? Has this account been open for 6.9 years according to the 28 instances of 90-days

or more of delinquencies information reported? or Has this account been open for 14 years according to

the "Date Opened" information provided on my Equifax Credit Report? Simply, the reported information

is INACCURATE, CONFLICTING, UNTHETHICAL, ILLOGICAL, and simply INCONSISTENT!

    Lastly, both this account and Installment Account #8, "US DEPARTMENT OF EDU

███████ – Account Number: █████ " and Installment Account #12, "US DEPARTMENT OF

███████ – Account Number: █████ " also reported on my credit profile are both

OUTDATED, and not even eligible to be reported on my credit profile since the accounts is over 7 years

old pursuant to the "Running of Report" provisions of FCRA. Therefore, since these accounts is reported

to have been opened 14 years ago on August 24, 2009, they simply need to be DELETED & REMOVED

from my credit profile in their entirety… INDEFINENTLY. § 605. Requirements relating to information

contained in consumer reports [15 U.S.C. § 1681c].Therefore, this is clearly a DUPLICATE &

INACCURATE account that needs to be IMMEDIATELY DELETED FROM MY CREDIT PROFILE!!

See Exhibit A.

Furthermore, Pages 5-13 of my Equifax Credit File enclosed as Exhibit A, is direct evidence that

NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION

ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS,

LEXISNEXIS, CORELOGIC, CREDCO,, and ALL other Credit Reporting Agencies have been

irreparably and negatively reporting INACCURATE, AGED, and DUPLICATE student loan account

information on my credit profile for over five (5) years now.  See Exhibits A & B.

I immediately demand that the U.S. Department of Education, NELNET, NATIONAL

EDUCATION LOAN NETWORK, INC. & ALL SUBSIDIARIES, AMERICAN EDUCATION

SERVICES (AES), and the PENSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY

(PHEAA) IMMEDIATELY PROVIDE DOCUMENTATION OF PROOF OF THIS ACCOUNT BEING

MINE BY PROVIDING THE FOLLOWING DOCUMENTATION:

1) The Original PROMISSORY NOTE for this Student Loan, with my Original Signature.
2) Disclosure of the Date, Time, Bank, Bank Address, Bank Routing Account Number, and Bank Account Number of the School /College/University that received the disputed $8,500 on my behalf along with any confirmation numbers.
3) Proof via actual Bank Documents, Statements, and Confirmation Numbers that the disputed $8,500 amount was actually DEPOSITED into a Bank Account bearing my name, as well as the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that received the disputed funds on my behalf.
4) Proof via a copy of both the Front and Back of the actual Check that was issued to the consumer in the amount of $8,500 and proof that the Check was actually cashed. Please also provide the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that the check was deposited into.
5) Proof that the Creditor and/or CRA timely and fully complied with all Federal and State "Notice", "Service", "Reporting" and/or "Timing" requirements associated with both the FCRA and the Maryland Fair Credit Reporting Agencies Act.

6) Proof that the Creditor and/or CRA timely and fully complied with § 605. Requirements relating to information contained in consumer reports [15 U.S.C. § 1681c] regarding this credit account and the disputes of the consumer above and herein.

7) Proof that the Creditor and/or CRA timely and fully complied with § 605B. Block of information resulting from identity theft [15 U.S.C. § 1681c-2] regarding this credit account and the disputes of the consumer above and herein.

8) Proof that the Creditor and/or CRA timely and fully complied with § 607. Compliance procedures [15 U.S.C. § 1681e] regarding this credit account and the disputes of the consumer above and herein.

9) Proof that the Creditor and/or CRA timely and fully complied with § 609. Disclosures to consumers [15 U.S.C. § 1681g] regarding this credit account and the disputes of the consumer above and herein.

10) Proof that the Creditor and/or CRA timely and fully complied with § 611. Procedure in case of disputed accuracy [15 U.S.C. § 1681i] regarding this credit account and the disputes of the consumer above and herein.

11) Proof that the Creditor and/or CRA timely and fully complied with § 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n] regarding this credit account and the disputes of the consumer above and herein.

12) Proof that the Creditor and/or CRA timely and fully complied with § 617. Civil liability for negligent noncompliance [15 U.S.C. § 1681o] regarding this credit account and the disputes of the consumer above and herein.

13) Proof that the Creditor and/or CRA timely and fully complied with § 618. Jurisdiction of courts; limitation of actions [15 U.S.C. § 1681p] regarding this credit account and the disputes of the consumer above and herein.

14) Proof that the Creditor and/or CRA timely and fully complied with § 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2] regarding this credit account and the disputes of the consumer above and herein.

Pursuant to the FCRA, the Maryland Fair Credit Reporting Agencies Act, the 5th and 14th Amendment to the U.S. Constitution, and the Maryland Bill of Rights, I demand that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies use Exhibits A-I to CALL ME AT 864-357-4545 AND IMMEDIATELY DELETE & REMOVE THE ABOVE AND HEREIN MENTIONED INACCURATE, FRAUDULENT AND NEGLEGENTLY REPORTED INFORMATION FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS pursuant to the "Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.!!!! See Exhibits A - I.

I also humbly request that the U.S. Consumer Financial Protection Bureau (CFPB) and the

Maryland Attorney General immediately INVESTIGATE this issue and the knowingly negative,

inaccurate and fraudulent reporting activities of NELNET, AMERICAN EDUCATOIN SERVICES

(AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX,

EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other

Credit Reporting Agencies as an act of HARRASSMENT, IDENTITY THEFT, FRAUD & ABUSE of

Federal Government funds and irreparable harm against the consumer.  15 U.S.C. § 1681 et seq.; the

Maryland Consumer Credit Reporting Agencies Act, Annotated Code of Maryland, Commercial Law

Article, § 14-1201, et seq.; and Maryland Consumer Protection Act ("MCPA"), Md. Code (2013 Repl.

Vol., 2017 Supp.), §§ 13-101 et seq. of the Commercial Law Article ("C.L.").

**17) DEPT OF ED/NELNET**          – **Account Number:**

The Account Overview pie chart is INACCURATE!!! First, I DO NOT owe $9,332.00 in

"Installment" Education / Student Loan Debt as recorded on my credit profile as record by NELNET,

AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION

ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS,

LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies!!! See Exhibits A-I.

First, this purported installment account is negligently and fraudulently DUPLICATE

ACCOUNT as it has and is reporting the EXACT SAME 1) Creditor (U.S. Department of Education); 2)

Account Balance ($9,332); 3) Number of 90-day Delinquencies (28); Date Opened (1/28/2009); 4) Last

Payment Date (6/2020); 5) Date of Last Activity (2/2017); 6) Date Major First Delinquency Reported

(2/2017) and 7) Months Reviewed (47) as Installment Account #10, "US DEPARTMENT OF EDU

          – Account Number:          also reported on my credit profile. Therefore, this is clearly a

DUPLICATE & INACCURATE account that needs to be IMMEDIATELY DELETED FROM MY

CREDIT PROFILE!!  See Exhibit A.

Secondly, this account also reports that the information associated with this FRAUDULENT & INACCURATE account has been reported and reviewed over the last 47 months. If one was to divide 47 months by 12 months (1 year), the result would yield ONLY **_an average of 4 years_** that this account has

been reported as open. Additionally, this FRAUDULENT & INACCURATE account has reported 28 instances of 90-days or more of delinquencies and/or late payments. Likewise, if you multiply 28 instances by 90-days, this will yield a value of 2,520 days. Now if one was to divide 2,520 days by 365 days (1 year), this would yield a total **_average of 6.9 years_** of that this account has been reported as open. So which is it??? Has this account been open for 4 years according to the "Months Reviewed" information reported? Has this account been open for 6.9 years according to the 28 instances of 90-days or more of delinquencies information reported? or Has this account been open for 14 years according to the "Date Opened" information provided on my Equifax Credit Report? Simply, the reported information is INACCURATE, CONFLICTING, UNTHETHICAL, ILLOGICAL, and simply INCONSISTENT!

Lastly, both this account and Installment Account #10, "US DEPARTMENT OF EDU ██████████ -- Account Number: ██████ also reported on my credit profile are both OUTDATED, and not even eligible to be reported on my credit profile since the accounts is over 7 years old pursuant to the "Running of Report" provisions of FCRA. Therefore, since these accounts is reported to have been opened 14 years ago on January 28, 2009, they simply need to be DELETED & REMOVED from my credit profile in their entirety… INDEFINENTLY. § 605. Requirements relating to information contained in consumer reports [15 U.S.C. § 1681c].Therefore, this is clearly a DUPLICATE & INACCURATE account that needs to be IMMEDIATELY DELETED FROM MY CREDIT PROFILE!! See Exhibit A.

Furthermore, Pages 5-13 of my Equifax Credit File enclosed as Exhibit A, is direct evidence that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO,, and ALL other Credit Reporting Agencies have been

irreparably and negatively reporting INACCURATE, AGED, and DUPLICATE student loan account

information on my credit profile for over five (5) years now.  See Exhibits A & B.

I immediately demand that the U.S. Department of Education, NELNET, NATIONAL

EDUCATION LOAN NETWORK, INC. & ALL SUBSIDIARIES, AMERICAN EDUCATION

SERVICES (AES), and the PENSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY

(PHEAA) IMMEDIATELY PROVIDE DOCUMENTATION OF PROOF OF THIS ACCOUNT BEING

MINE BY PROVIDING THE FOLLOWING DOCUMENTATION:

15) The Original PROMISSORY NOTE for this Student Loan, with my Original Signature.
16) Disclosure of the Date, Time, Bank, Bank Address, Bank Routing Account Number, and Bank Account Number of the School /College/University that received the disputed $9,322 on my behalf along with any confirmation numbers.
17) Proof via actual Bank Documents, Statements, and Confirmation Numbers that the disputed $9,322 amount was actually DEPOSITED into a Bank Account bearing my name, as well as the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that received the disputed funds on my behalf.
18) Proof via a copy of both the Front and Back of the actual Check that was issued to the consumer in the amount of $9,322 and proof that the Check was actually cashed. Please also provide the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that the check was deposited into.
19) Proof that the Creditor and/or CRA timely and fully complied with all Federal and State "Notice", "Service", "Reporting" and/or "Timing" requirements associated with both the FCRA and the Maryland Fair Credit Reporting Agencies Act.
20) Proof that the Creditor and/or CRA timely and fully complied with § 605. Requirements relating to information contained in consumer reports [15 U.S.C. § 1681c] regarding this credit account and the disputes of the consumer above and herein.
21) Proof that the Creditor and/or CRA timely and fully complied with § 605B. Block of information resulting from identity theft [15 U.S.C. § 1681c-2] regarding this credit account and the disputes of the consumer above and herein.
22) Proof that the Creditor and/or CRA timely and fully complied with § 607. Compliance procedures [15 U.S.C. § 1681e] regarding this credit account and the disputes of the consumer above and herein.
23) Proof that the Creditor and/or CRA timely and fully complied with § 609. Disclosures to consumers [15 U.S.C. § 1681g] regarding this credit account and the disputes of the consumer above and herein.
24) Proof that the Creditor and/or CRA timely and fully complied with § 611. Procedure in case of disputed accuracy [15 U.S.C. § 1681i] regarding this credit account and the disputes of the consumer above and herein.

25) Proof that the Creditor and/or CRA timely and fully complied with § 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n] regarding this credit account and the disputes of the consumer above and herein.

26) Proof that the Creditor and/or CRA timely and fully complied with § 617. Civil liability for negligent noncompliance [15 U.S.C. § 1681o] regarding this credit account and the disputes of the consumer above and herein.

27) Proof that the Creditor and/or CRA timely and fully complied with § 618. Jurisdiction of courts; limitation of actions [15 U.S.C. § 1681p] regarding this credit account and the disputes of the consumer above and herein.

28) Proof that the Creditor and/or CRA timely and fully complied with § 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2] regarding this credit account and the disputes of the consumer above and herein.

Pursuant to the FCRA, the Maryland Fair Credit Reporting Agencies Act, the 5th and 14th Amendment to the U.S. Constitution, and the Maryland Bill of Rights, I demand that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies use Exhibits A-I to CALL ME AT 864-357-4545 AND IMMEDIATELY DELETE & REMOVE THE ABOVE AND HEREIN MENTIONED INACCURATE, FRAUDULENT AND NEGLEGENTLY REPORTED INFORMATION FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS pursuant to the "Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.!!!! See Exhibits A - I.

I also humbly request that the U.S. Consumer Financial Protection Bureau (CFPB) and the Maryland Attorney General immediately INVESTIGATE this issue and the knowingly negative, inaccurate and fraudulent reporting activities of NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies as an act of HARRASSMENT, IDENTITY THEFT, FRAUD & ABUSE of Federal Government funds and irreparable harm against the consumer.  15 U.S.C. § 1681 et seq.; the Maryland Consumer Credit Reporting Agencies Act, Annotated Code of Maryland, Commercial Law

Article, § 14-1201, et seq.; and Maryland Consumer Protection Act ("MCPA"), Md. Code (2013 Repl. Vol., 2017 Supp.), §§ 13-101 et seq. of the Commercial Law Article ("C.L.").

**18) DEPT OF ED/NELNET** ███████ **– Account Number:** ███████

The Account Overview pie chart is INACCURATE!!! First, I DO NOT owe $8,500.00 in "Installment" Education / Student Loan Debt as recorded on my credit profile as record by NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies!!! See Exhibits A-I.

First, this purported installment account is negligently and fraudulently DUPLICATE ACCOUNT as it has and is reporting the EXACT SAME 1) Creditor (U.S. Department of Education); 2) Account Balance ($8,500); 3) Number of 90-day Delinquencies (28); Date Opened (8/24/2009); 4) Last Payment Date (6/2020); 5) Date of Last Activity (2/2017); 6) Date Major First Delinquency Reported (2/2017) and 7) Months Reviewed (47) as Installment Account #8, "US DEPARTMENT OF EDU ███████ – Account Number: ███████ and Installment Account #12, "US DEPARTMENT OF EDU ███████ – Account Number: ███████ and Installment Account #16, "DEPT OF ED/NELNET ███████ – Account Number: ███████ also reported on my credit profile. Therefore, this is clearly a DUPLICATE & INACCURATE account that needs to be IMMEDIATELY DELETED FROM MY CREDIT PROFILE!! See Exhibit A.

Secondly, this account also reports that the information associated with this FRAUDULENT & INACCURATE account has been reported and reviewed over the last 47 months. If one was to divide 47 months by 12 months (1 year), the result would yield ONLY *an average of 4 years* that this account has been reported as open. Additionally, this FRAUDULENT & INACCURATE account has reported 28 instances of 90-days or more of delinquencies and/or late payments. Likewise, if you multiply 28 instances by 90-days, this will yield a value of 2,520 days. Now if one was to divide 2,520 days by 365 days (1 year), this would yield a total *average of 6.9 years* of that this account has been reported as open. So which is it??? Has this account been open for 4 years according to the "Months Reviewed"

information reported? Has this account been open for 6.9 years according to the 28 instances of 90-days or more of delinquencies information reported? or Has this account been open for 14 years according to the "Date Opened" information provided on my Equifax Credit Report? Simply, the reported information is INACCURATE, CONFLICTING, UNTHETHICAL, ILLOGICAL, and simply INCONSISTENT!

Lastly, both this account and Installment Account #8, "US DEPARTMENT OF EDU ███████ – Account Number: █████ " and Installment Account #12, "US DEPARTMENT OF ███████ – Account Number: █████ and Installment Account #16, "DEPT OF ED/NELNET █████ – Account Number: █████████ " also reported on my credit profile are both OUTDATED, and not even eligible to be reported on my credit profile since the accounts is over 7 years old pursuant to the "Running of Report" provisions of FCRA. Therefore, since these accounts is reported to have been opened 14 years ago on August 24, 2009, they simply need to be DELETED & REMOVED from my credit profile in their entirety… INDEFINENTLY. § 605. Requirements relating to information contained in consumer reports [15 U.S.C. § 1681c].Therefore, this is clearly a DUPLICATE & INACCURATE account that needs to be IMMEDIATELY DELETED FROM MY CREDIT PROFILE!! See Exhibit A.

Furthermore, Pages 5-13 of my Equifax Credit File enclosed as Exhibit A, is direct evidence that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO,, and ALL other Credit Reporting Agencies have been irreparably and negatively reporting INACCURATE, AGED, and DUPLICATE student loan account information on my credit profile for over five (5) years now.  See Exhibits A & B.

 I immediately demand that the U.S. Department of Education, NELNET, NATIONAL EDUCATION LOAN NETWORK, INC. & ALL SUBSIDIARIES, AMERICAN EDUCATION SERVICES (AES), and the PENSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA) IMMEDIATELY PROVIDE DOCUMENTATION OF PROOF OF THIS ACCOUNT BEING MINE BY PROVIDING THE FOLLOWING DOCUMENTATION:

1) The Original PROMISSORY NOTE for this Student Loan, with my Original Signature.
2) Disclosure of the Date, Time, Bank, Bank Address, Bank Routing Account Number, and Bank Account Number of the School /College/University that received the disputed $8,500 on my behalf along with any confirmation numbers.
3) Proof via actual Bank Documents, Statements, and Confirmation Numbers that the disputed $8,500 amount was actually DEPOSITED into a Bank Account bearing my name, as well as the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that received the disputed funds on my behalf.
4) Proof via a copy of both the Front and Back of the actual Check that was issued to the consumer in the amount of $8,500 and proof that the Check was actually cashed. Please also provide the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that the check was deposited into.
5) Proof that the Creditor and/or CRA timely and fully complied with all Federal and State "Notice", "Service", "Reporting" and/or "Timing" requirements associated with both the FCRA and the Maryland Fair Credit Reporting Agencies Act.
6) Proof that the Creditor and/or CRA timely and fully complied with § 605. Requirements relating to information contained in consumer reports [15 U.S.C. § 1681c] regarding this credit account and the disputes of the consumer above and herein.
7) Proof that the Creditor and/or CRA timely and fully complied with § 605B. Block of information resulting from identity theft [15 U.S.C. § 1681c-2] regarding this credit account and the disputes of the consumer above and herein.
8) Proof that the Creditor and/or CRA timely and fully complied with § 607. Compliance procedures [15 U.S.C. § 1681e] regarding this credit account and the disputes of the consumer above and herein.
9) Proof that the Creditor and/or CRA timely and fully complied with § 609. Disclosures to consumers [15 U.S.C. § 1681g] regarding this credit account and the disputes of the consumer above and herein.
10) Proof that the Creditor and/or CRA timely and fully complied with § 611. Procedure in case of disputed accuracy [15 U.S.C. § 1681i] regarding this credit account and the disputes of the consumer above and herein.
11) Proof that the Creditor and/or CRA timely and fully complied with § 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n] regarding this credit account and the disputes of the consumer above and herein.
12) Proof that the Creditor and/or CRA timely and fully complied with § 617. Civil liability for negligent noncompliance [15 U.S.C. § 1681o] regarding this credit account and the disputes of the consumer above and herein.
13) Proof that the Creditor and/or CRA timely and fully complied with § 618. Jurisdiction of courts; limitation of actions [15 U.S.C. § 1681p] regarding this credit account and the disputes of the consumer above and herein.
14) Proof that the Creditor and/or CRA timely and fully complied with § 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2] regarding this credit account and the disputes of the consumer above and herein.

Pursuant to the FCRA, the Maryland Fair Credit Reporting Agencies Act, the 5th and 14th

Amendment to the U.S. Constitution, and the Maryland Bill of Rights, I demand that NELNET,

AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION

ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS,

LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies use Exhibits A-I to

CALL ME AT 864-357-4545 AND IMMEDIATELY DELETE & REMOVE THE ABOVE

AND HEREIN MENTIONED INACCURATE, FRAUDULENT AND NEGLEGENTLY REPORTED

INFORMATION FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS

pursuant to the "Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15

U.S.C. § 1681 et seq.!!!! See Exhibits A - I.

I also humbly request that the U.S. Consumer Financial Protection Bureau (CFPB) and the

Maryland Attorney General immediately INVESTIGATE this issue and the knowingly negative,

inaccurate and fraudulent reporting activities of NELNET, AMERICAN EDUCATOIN SERVICES

(AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX,

EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other

Credit Reporting Agencies as an act of HARRASSMENT, IDENTITY THEFT, FRAUD & ABUSE of

Federal Government funds and irreparable harm against the consumer.  15 U.S.C. § 1681 et seq.; the

Maryland Consumer Credit Reporting Agencies Act, Annotated Code of Maryland, Commercial Law

Article, § 14-1201, et seq.; and Maryland Consumer Protection Act ("MCPA"), Md. Code (2013 Repl.

Vol., 2017 Supp.), §§ 13-101 et seq. of the Commercial Law Article ("C.L.").

**19) DEPT OF ED/NELNET** ▮▮▮▮▮ **– Account Number:** ▮▮▮▮▮▮▮

The Account Overview pie chart is INACCURATE!!! First, I DO NOT owe $3,455.00 in

"Installment" Education / Student Loan Debt as recorded on my credit profile as record by NELNET,

AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION

ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS,

LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies!!! See Exhibits A-I.

First, this purported installment account is negligently and fraudulently DUPLICATE

ACCOUNT as it has and is reporting the EXACT SAME 1) Creditor (U.S. Department of Education); 2)

Account Balance ($3,455); 3) Number of 90-day Delinquencies (27); Date Opened (1/20/2006); 4) Last

Payment Date (6/2020); 5) Date of Last Activity (2/2017); 6) Date Major First Delinquency Reported (2/2018) and 7) Months Reviewed (50) as Installment Account #7, "US DEPARTMENT OF EDU ███████ – Account Number: ███████ also reported on my credit profile. Therefore, this is clearly a DUPLICATE & INACCURATE account that needs to be IMMEDIATELY DELETED FROM MY CREDIT PROFILE!!  See Exhibit A.

Secondly, this account also reports that the information associated with this FRAUDULENT & INACCURATE account has been reported and reviewed over the last 50 months. If one was to divide 50 months by 12 months (1 year), the result would yield ONLY *an average of 4 years* that this account has been reported as open. Additionally, this FRAUDULENT & INACCURATE account has reported 27 instances of 90-days or more of delinquencies and/or late payments. Likewise, if you multiply 27 instances by 90-days, this will yield a value of 2,430 days.  Now if one was to divide 2,430 days by 365 days (1 year), this would yield a total *average of 6.6 years* of that this account has been reported as open. So which is it??? Has this account been open for 4 years according to the "Months Reviewed" information reported? Has this account been open for 6.6 years according to the 27 instances of 90-days or more of delinquencies information reported? or Has this account been open for 17 years according to the "Date Opened" information provided on my Equifax Credit Report? Simply, the reported information is INACCURATE, CONFLICTING, UNTHETHICAL, ILLOGICAL, and simply INCONSISTENT!

Lastly, both this account and Installment Account #7, "US DEPARTMENT OF EDU ███████ – Account Number ███████ also reported on my credit profile are both OUTDATED, and not even eligible to be reported on my credit profile since the accounts is over 7 years old pursuant to the "Running of Report" provisions of FCRA. Therefore, since these accounts is reported to have been opened 17 years ago on January 20, 2006, they simply need to be DELETED & REMOVED from my credit profile in their entirety… INDEFINENTLY. § 605. Requirements relating to information contained in consumer reports [15 U.S.C. § 1681c].Therefore, this is clearly a DUPLICATE & INACCURATE account that needs to be IMMEDIATELY DELETED FROM MY CREDIT PROFILE!!  See Exhibit A.

Furthermore, Pages 5-13 of my Equifax Credit File enclosed as Exhibit A, is direct evidence that

NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION

ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS,

LEXISNEXIS, CORELOGIC, CREDCO,, and ALL other Credit Reporting Agencies have been

irreparably and negatively reporting INACCURATE, AGED, and DUPLICATE student loan account

information on my credit profile for over five (5) years now.  See Exhibits A & B.

 I immediately demand that the U.S. Department of Education, NELNET, NATIONAL

EDUCATION LOAN NETWORK, INC. & ALL SUBSIDIARIES, AMERICAN EDUCATION

SERVICES (AES), and the PENSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY

(PHEAA) IMMEDIATELY PROVIDE DOCUMENTATION OF PROOF OF THIS ACCOUNT BEING

MINE BY PROVIDING THE FOLLOWING DOCUMENTATION:

1) The Original PROMISSORY NOTE for this Student Loan, with my Original Signature.
2) Disclosure of the Date, Time, Bank, Bank Address, Bank Routing Account Number, and Bank Account Number of the School /College/University that received the disputed $3,455 on my behalf along with any confirmation numbers.
3) Proof via actual Bank Documents, Statements, and Confirmation Numbers that the disputed $3,455 amount was actually DEPOSITED into a Bank Account bearing my name, as well as the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that received the disputed funds on my behalf.
4) Proof via a copy of both the Front and Back of the actual Check that was issued to the consumer in the amount of $3,455 and proof that the Check was actually cashed. Please also provide the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that the check was deposited into.
5) Proof that the Creditor and/or CRA timely and fully complied with all Federal and State "Notice", "Service", "Reporting" and/or "Timing" requirements associated with both the FCRA and the Maryland Fair Credit Reporting Agencies Act.
6) Proof that the Creditor and/or CRA timely and fully complied with § 605. Requirements relating to information contained in consumer reports [15 U.S.C. § 1681c] regarding this credit account and the disputes of the consumer above and herein.
7) Proof that the Creditor and/or CRA timely and fully complied with § 605B. Block of information resulting from identity theft [15 U.S.C. § 1681c-2] regarding this credit account and the disputes of the consumer above and herein.
8) Proof that the Creditor and/or CRA timely and fully complied with § 607. Compliance procedures [15 U.S.C. § 1681e] regarding this credit account and the disputes of the consumer above and herein.
9) Proof that the Creditor and/or CRA timely and fully complied with § 609. Disclosures to consumers [15 U.S.C. § 1681g] regarding this credit account and the disputes of the consumer above and herein.

10) Proof that the Creditor and/or CRA timely and fully complied with § 611. Procedure in case of disputed accuracy [15 U.S.C. § 1681i] regarding this credit account and the disputes of the consumer above and herein.

11) Proof that the Creditor and/or CRA timely and fully complied with § 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n] regarding this credit account and the disputes of the consumer above and herein.

12) Proof that the Creditor and/or CRA timely and fully complied with § 617. Civil liability for negligent noncompliance [15 U.S.C. § 1681o] regarding this credit account and the disputes of the consumer above and herein.

13) Proof that the Creditor and/or CRA timely and fully complied with § 618. Jurisdiction of courts; limitation of actions [15 U.S.C. § 1681p] regarding this credit account and the disputes of the consumer above and herein.

14) Proof that the Creditor and/or CRA timely and fully complied with § 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2] regarding this credit account and the disputes of the consumer above and herein.

Pursuant to the FCRA, the Maryland Fair Credit Reporting Agencies Act, the 5th and 14th Amendment to the U.S. Constitution, and the Maryland Bill of Rights, I demand that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies use Exhibits A-I to CALL ME AT 864-357-4545 AND IMMEDIATELY DELETE & REMOVE THE ABOVE AND HEREIN MENTIONED INACCURATE, FRAUDULENT AND NEGLEGENTLY REPORTED INFORMATION FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS

pursuant to the "Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.!!!! See Exhibits A - I.

I also humbly request that the U.S. Consumer Financial Protection Bureau (CFPB) and the Maryland Attorney General immediately INVESTIGATE this issue and the knowingly negative, inaccurate and fraudulent reporting activities of NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies as an act of HARRASSMENT, IDENTITY THEFT, FRAUD & ABUSE of Federal Government funds and irreparable harm against the consumer.  15 U.S.C. § 1681 et seq.; the

Maryland Consumer Credit Reporting Agencies Act, Annotated Code of Maryland, Commercial Law Article, § 14-1201, et seq.; and Maryland Consumer Protection Act ("MCPA"), Md. Code (2013 Repl. Vol., 2017 Supp.), §§ 13-101 et seq. of the Commercial Law Article ("C.L.").

**20) DEPT OF ED/NELNET** ▮▮▮▮▮▮ **– Account Number:** ▮▮▮▮▮▮▮▮

The Account Overview pie chart is INACCURATE!!! First, I DO NOT owe $12,000.00 in "Installment" Education / Student Loan Debt as recorded on my credit profile as record by NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies!!! See Exhibits A-I.

First, this purported installment account is negligently and fraudulently DUPLICATE ACCOUNT as it has and is reporting the EXACT SAME 1) Creditor (U.S. Department of Education); 2) Account Balance ($12,000); 3) Number of 90-day Delinquencies (28); Date Opened (8/24/2009); 4) Last Payment Date (6/2020); 5) Date of Last Activity (2/2017); 6) Date Major First Delinquency Reported (2/2017) and 7) Months Reviewed (47) as Installment Account #9, "US DEPARTMENT OF EDU ▮▮▮▮▮ – Account Number: ▮▮▮▮▮▮" also reported on my credit profile. Therefore, this is clearly a DUPLICATE & INACCURATE account that needs to be IMMEDIATELY DELETED FROM MY CREDIT PROFILE!! See Exhibit A.

Secondly, this account also reports that the information associated with this FRAUDULENT & INACCURATE account has been reported and reviewed over the last 47 months. If one was to divide 47 months by 12 months (1 year), the result would yield ONLY ***an average of 4 years*** that this account has been reported as open. Additionally, this FRAUDULENT & INACCURATE account has reported 28 instances of 90-days or more of delinquencies and/or late payments. Likewise, if you multiply 28 instances by 90-days, this will yield a value of 2,520 days. Now if one was to divide 2,520 days by 365 days (1 year), this would yield a total ***average of 6.9 years*** of that this account has been reported as open. So which is it??? Has this account been open for 4 years according to the "Months Reviewed" information reported? Has this account been open for 6.9 years according to the 28 instances of 90-days

or more of delinquencies information reported? or Has this account been open for 14 years according to the "Date Opened" information provided on my Equifax Credit Report? Simply, the reported information is INACCURATE, CONFLICTING, UNTHETHICAL, ILLOGICAL, and simply INCONSISTENT!

Lastly, both this account and Installment Account #9, "US DEPARTMENT OF EDU ███████ – Account Number: ███████ also reported on my credit profile are both OUTDATED, and not even eligible to be reported on my credit profile since the accounts is over 7 years old pursuant to the "Running of Report" provisions of FCRA. Therefore, since these accounts is reported to have been opened 14 years ago on August 24, 2009, they simply need to be DELETED & REMOVED from my credit profile in their entirety... INDEFINENTLY. § 605. Requirements relating to information contained in consumer reports [15 U.S.C. § 1681c].Therefore, this is clearly a DUPLICATE & INACCURATE account that needs to be IMMEDIATELY DELETED FROM MY CREDIT PROFILE!! See Exhibit A.

Furthermore, Pages 5-13 of my Equifax Credit File enclosed as Exhibit A, is direct evidence that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO,, and ALL other Credit Reporting Agencies have been irreparably and negatively reporting INACCURATE, AGED, and DUPLICATE student loan account information on my credit profile for over five (5) years now.  See Exhibits A & B.

I immediately demand that the U.S. Department of Education, NELNET, NATIONAL EDUCATION LOAN NETWORK, INC. & ALL SUBSIDIARIES, AMERICAN EDUCATION SERVICES (AES), and the PENSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA) IMMEDIATELY PROVIDE DOCUMENTATION OF PROOF OF THIS ACCOUNT BEING MINE BY PROVIDING THE FOLLOWING DOCUMENTATION:

1) The Original PROMISSORY NOTE for this Student Loan, with my Original Signature.
2) Disclosure of the Date, Time, Bank, Bank Address, Bank Routing Account Number, and Bank Account Number of the School /College/University that received the disputed $12,000 on my behalf along with any confirmation numbers.
3) Proof via actual Bank Documents, Statements, and Confirmation Numbers that the disputed $12,000 amount was actually DEPOSITED into a Bank Account bearing my name, as well as

the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that received the disputed funds on my behalf.

4) Proof via a copy of both the Front and Back of the actual Check that was issued to the consumer in the amount of $12,000 and proof that the Check was actually cashed. Please also provide the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that the check was deposited into.

5) Proof that the Creditor and/or CRA timely and fully complied with all Federal and State "Notice", "Service", "Reporting" and/or "Timing" requirements associated with both the FCRA and the Maryland Fair Credit Reporting Agencies Act.

6) Proof that the Creditor and/or CRA timely and fully complied with § 605. Requirements relating to information contained in consumer reports [15 U.S.C. § 1681c] regarding this credit account and the disputes of the consumer above and herein.

7) Proof that the Creditor and/or CRA timely and fully complied with § 605B. Block of information resulting from identity theft [15 U.S.C. § 1681c-2] regarding this credit account and the disputes of the consumer above and herein.

8) Proof that the Creditor and/or CRA timely and fully complied with § 607. Compliance procedures [15 U.S.C. § 1681e] regarding this credit account and the disputes of the consumer above and herein.

9) Proof that the Creditor and/or CRA timely and fully complied with § 609. Disclosures to consumers [15 U.S.C. § 1681g] regarding this credit account and the disputes of the consumer above and herein.

10) Proof that the Creditor and/or CRA timely and fully complied with § 611. Procedure in case of disputed accuracy [15 U.S.C. § 1681i] regarding this credit account and the disputes of the consumer above and herein.

11) Proof that the Creditor and/or CRA timely and fully complied with § 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n] regarding this credit account and the disputes of the consumer above and herein.

12) Proof that the Creditor and/or CRA timely and fully complied with § 617. Civil liability for negligent noncompliance [15 U.S.C. § 1681o] regarding this credit account and the disputes of the consumer above and herein.

13) Proof that the Creditor and/or CRA timely and fully complied with § 618. Jurisdiction of courts; limitation of actions [15 U.S.C. § 1681p] regarding this credit account and the disputes of the consumer above and herein.

14) Proof that the Creditor and/or CRA timely and fully complied with § 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2] regarding this credit account and the disputes of the consumer above and herein.

Pursuant to the FCRA, the Maryland Fair Credit Reporting Agencies Act, the 5th and 14th

Amendment to the U.S. Constitution, and the Maryland Bill of Rights, I demand that NELNET,

AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION

ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS,

LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies use Exhibits A-I to

CALL ME AT 864-357-4545 AND IMMEDIATELY DELETE & REMOVE THE ABOVE

AND HEREIN MENTIONED INACCURATE, FRAUDULENT AND NEGLEGENTLY REPORTED

INFORMATION FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS

pursuant to the "Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15

U.S.C. § 1681 et seq.!!!! See Exhibits A - I.

I also humbly request that the U.S. Consumer Financial Protection Bureau (CFPB) and the

Maryland Attorney General immediately INVESTIGATE this issue and the knowingly negative,

inaccurate and fraudulent reporting activities of NELNET, AMERICAN EDUCATOIN SERVICES

(AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX,

EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other

Credit Reporting Agencies as an act of HARRASSMENT, IDENTITY THEFT, FRAUD & ABUSE of

Federal Government funds and irreparable harm against the consumer.  15 U.S.C. § 1681 et seq.; the

Maryland Consumer Credit Reporting Agencies Act, Annotated Code of Maryland, Commercial Law

Article, § 14-1201, et seq.; and Maryland Consumer Protection Act ("MCPA"), Md. Code (2013 Repl.

Vol., 2017 Supp.), §§ 13-101 et seq. of the Commercial Law Article ("C.L."). **THE SEQUENCE OF**

**ACCOUNT NUMBERS DOESN'T MAKE SENSE!!!**

**21) DEPT OF ED/NELNET** ▮▮▮▮▮▮ **- Account Number:** ▮▮▮▮▮▮▮

The Account Overview pie chart is INACCURATE!!! First, I DO NOT owe $10,250.00 in

"Installment" Education / Student Loan Debt as recorded on my credit profile as record by NELNET,

AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION

ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS,

LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies!!! See Exhibits A-I.

First, this purported installment account is negligently and fraudulently DUPLICATE

ACCOUNT as it has and is reporting the EXACT SAME 1) Creditor (U.S. Department of Education); 2)

Account Balance ($10,250); 3) Number of 90-day Delinquencies (28); Date Opened (1/5/2016); 4) Last

Payment Date (6/2020); 5) Date of Last Activity (2/2017); 6) Date Major First Delinquency Reported

(2/2017) and 7) Months Reviewed (47) as Installment Account #14, "US DEPARTMENT OF EDU

▮▮▮▮▮▮ – Account Number: ▮▮▮▮▮ " also reported on my credit profile. Therefore, this is clearly

a DUPLICATE & INACCURATE account that needs to be IMMEDIATELY DELETED FROM MY CREDIT PROFILE!!  See Exhibit A.

Secondly, this account also reports that the information associated with this FRAUDULENT & INACCURATE account has been reported and reviewed over the last 47 months. If one was to divide 47 months by 12 months (1 year), the result would yield ONLY *an average of 4 years* that this account has been reported as open. Additionally, this FRAUDULENT & INACCURATE account has reported 28 instances of 90-days or more of delinquencies and/or late payments. Likewise, if you multiply 28 instances by 90-days, this will yield a value of 2,520 days.  Now if one was to divide 2,520 days by 365 days (1 year), this would yield a total *average of 6.9 years* of that this account has been reported as open. So which is it??? Has this account been open for 4 years according to the "Months Reviewed" information reported? Has this account been open for 6.9 years according to the 28 instances of 90-days or more of delinquencies information reported? or Has this account been open for 7 years according to the "Date Opened" information provided on my Equifax Credit Report? Simply, the reported information is INACCURATE, CONFLICTING, UNTHETHICAL, ILLOGICAL, and simply INCONSISTENT!

Lastly, both this account and Installment Account #14, "US DEPARTMENT OF EDU ███████ – Account Number: ███████ also reported on my credit profile are both OUTDATED, and not even eligible to be reported on my credit profile since the accounts is over 7 years old pursuant to the "Running of Report" provisions of FCRA. Therefore, since these accounts is reported to have been opened 7 years ago on January 5, 2016, they simply need to be DELETED & REMOVED from my credit profile in their entirety… INDEFINENTLY. § 605. Requirements relating to information contained in consumer reports [15 U.S.C. § 1681c]. Therefore, this is clearly a DUPLICATE & INACCURATE account that needs to be IMMEDIATELY DELETED FROM MY CREDIT PROFILE!!  See Exhibit A.

Furthermore, Pages 5-13 of my Equifax Credit File enclosed as Exhibit A, is direct evidence that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO., and ALL other Credit Reporting Agencies have been

irreparably and negatively reporting INACCURATE, AGED, and DUPLICATE student loan account

information on my credit profile for over five (5) years now.  See Exhibits A & B.

I immediately demand that the U.S. Department of Education, NELNET, NATIONAL

EDUCATION LOAN NETWORK, INC. & ALL SUBSIDIARIES, AMERICAN EDUCATION

SERVICES (AES), and the PENSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY

(PHEAA) IMMEDIATELY PROVIDE DOCUMENTATION OF PROOF OF THIS ACCOUNT BEING

MINE BY PROVIDING THE FOLLOWING DOCUMENTATION:

1) The Original PROMISSORY NOTE for this Student Loan, with my Original Signature.
2) Disclosure of the Date, Time, Bank, Bank Address, Bank Routing Account Number, and Bank Account Number of the School /College/University that received the disputed $10,250 on my behalf along with any confirmation numbers.
3) Proof via actual Bank Documents, Statements, and Confirmation Numbers that the disputed $10,250 amount was actually DEPOSITED into a Bank Account bearing my name, as well as the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that received the disputed funds on my behalf.
4) Proof via a copy of both the Front and Back of the actual Check that was issued to the consumer in the amount of $10,250 and proof that the Check was actually cashed. Please also provide the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that the check was deposited into.
5) Proof that the Creditor and/or CRA timely and fully complied with all Federal and State "Notice", "Service", "Reporting" and/or "Timing" requirements associated with both the FCRA and the Maryland Fair Credit Reporting Agencies Act.
6) Proof that the Creditor and/or CRA timely and fully complied with § 605. Requirements relating to information contained in consumer reports [15 U.S.C. § 1681c] regarding this credit account and the disputes of the consumer above and herein.
7) Proof that the Creditor and/or CRA timely and fully complied with § 605B. Block of information resulting from identity theft [15 U.S.C. § 1681c-2] regarding this credit account and the disputes of the consumer above and herein.
8) Proof that the Creditor and/or CRA timely and fully complied with § 607. Compliance procedures [15 U.S.C. § 1681e] regarding this credit account and the disputes of the consumer above and herein.
9) Proof that the Creditor and/or CRA timely and fully complied with § 609. Disclosures to consumers [15 U.S.C. § 1681g] regarding this credit account and the disputes of the consumer above and herein.
10) Proof that the Creditor and/or CRA timely and fully complied with § 611. Procedure in case of disputed accuracy [15 U.S.C. § 1681i] regarding this credit account and the disputes of the consumer above and herein.
11) Proof that the Creditor and/or CRA timely and fully complied with § 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n] regarding this credit account and the disputes of the consumer above and herein.
12) Proof that the Creditor and/or CRA timely and fully complied with § 617. Civil liability for negligent noncompliance [15 U.S.C. § 1681o] regarding this credit account and the disputes of the consumer above and herein.

13) Proof that the Creditor and/or CRA timely and fully complied with § 618. Jurisdiction of courts; limitation of actions [15 U.S.C. § 1681p] regarding this credit account and the disputes of the consumer above and herein.

14) Proof that the Creditor and/or CRA timely and fully complied with § 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2] regarding this credit account and the disputes of the consumer above and herein.

Pursuant to the FCRA, the Maryland Fair Credit Reporting Agencies Act, the 5th and 14th Amendment to the U.S. Constitution, and the Maryland Bill of Rights, I demand that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies use Exhibits A-I to CALL ME AT 864-357-4545 AND IMMEDIATELY DELETE & REMOVE THE ABOVE AND HEREIN MENTIONED INACCURATE, FRAUDULENT AND NEGLEGENTLY REPORTED INFORMATION FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS pursuant to the "Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.!!!! See Exhibits A - I.

I also humbly request that the U.S. Consumer Financial Protection Bureau (CFPB) and the Maryland Attorney General immediately INVESTIGATE this issue and the knowingly negative, inaccurate and fraudulent reporting activities of NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies as an act of HARRASSMENT, IDENTITY THEFT, FRAUD & ABUSE of Federal Government funds and irreparable harm against the consumer.  15 U.S.C. § 1681 et seq.; the Maryland Consumer Credit Reporting Agencies Act, Annotated Code of Maryland, Commercial Law Article, § 14-1201, et seq.; and Maryland Consumer Protection Act ("MCPA"), Md. Code (2013 Repl. Vol., 2017 Supp.), §§ 13-101 et seq. of the Commercial Law Article ("C.L.").

**22) DEPT OF ED/NELNET** ▮▮▮▮ **– Account Number:** ▮▮▮▮▮▮▮

The Account Overview pie chart is INACCURATE!!! First, I DO NOT owe $10,250.00 in "Installment" Education / Student Loan Debt as recorded on my credit profile as record by NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies!!! See Exhibits A-I.

First, this purported installment account is negligently and fraudulently DUPLICATE ACCOUNT as it has and is reporting the EXACT SAME 1) Creditor (U.S. Department of Education); 2) Account Balance ($10,250); 3) Number of 90-day Delinquencies (28); Date Opened (9/25/2013); 4) Last Payment Date (6/2020); 5) Date of Last Activity (2/2017); 6) Date Major First Delinquency Reported (2/2017) and 7) Months Reviewed (47) as Installment Account #11, "US DEPARTMENT OF EDU ▆▆▆▆▆▆ -- Account Number: ▆▆▆▆▆" also reported on my credit profile. Therefore, this is clearly a DUPLICATE & INACCURATE account that needs to be IMMEDIATELY DELETED FROM MY CREDIT PROFILE!! See Exhibit A.

Secondly, this account also reports that the information associated with this FRAUDULENT & INACCURATE account has been reported and reviewed over the last 47 months. If one was to divide 47 months by 12 months (1 year), the result would yield ONLY *an average of 4 years* that this account has been reported as open. Additionally, this FRAUDULENT & INACCURATE account has reported 28 instances of 90-days or more of delinquencies and/or late payments. Likewise, if you multiply 28 instances by 90-days, this will yield a value of 2,520 days. Now if one was to divide 2,520 days by 365 days (1 year), this would yield a total *average of 6.9 years* of that this account has been reported as open. So which is it??? Has this account been open for 4 years according to the "Months Reviewed" information reported? Has this account been open for 6.9 years according to the 28 instances of 90-days or more of delinquencies information reported? or Has this account been open for 10 years according to the "Date Opened" information provided on my Equifax Credit Report? Simply, the reported information is INACCURATE, CONFLICTING, UNTHETHICAL, ILLOGICAL, and simply INCONSISTENT!

Lastly, both this account and Installment Account #11, "US DEPARTMENT OF EDU

███████ - Account Number: ██████ also reported on my credit profile are both OUTDATED,

and not even eligible to be reported on my credit profile since the accounts is over 7 years old pursuant to

the "Running of Report" provisions of FCRA. Therefore, since these accounts is reported to have been

opened 10 years ago on September 25, 2013 they simply need to be DELETED & REMOVED from my

credit profile in their entirety... INDEFINENTLY. § 605. Requirements relating to information contained

in consumer reports [15 U.S.C. § 1681c]. Therefore, this is clearly a DUPLICATE & INACCURATE

account that needs to be IMMEDIATELY DELETED FROM MY CREDIT PROFILE!! See Exhibit A.

Furthermore, Pages 5-13 of my Equifax Credit File enclosed as Exhibit A, is direct evidence that

NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION

ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS,

LEXISNEXIS, CORELOGIC, CREDCO., and ALL other Credit Reporting Agencies have been

irreparably and negatively reporting INACCURATE, AGED, and DUPLICATE student loan account

information on my credit profile for over five (5) years now. See Exhibits A & B.

 I immediately demand that the U.S. Department of Education, NELNET, NATIONAL

EDUCATION LOAN NETWORK, INC. & ALL SUBSIDIARIES, AMERICAN EDUCATION

SERVICES (AES), and the PENSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY

(PHEAA) IMMEDIATELY PROVIDE DOCUMENTATION OF PROOF OF THIS ACCOUNT BEING

MINE BY PROVIDING THE FOLLOWING DOCUMENTATION:

1) The Original PROMISSORY NOTE for this Student Loan, with my Original Signature.
2) Disclosure of the Date, Time, Bank, Bank Address, Bank Routing Account Number, and Bank Account Number of the School /College/University that received the disputed $10,250 on my behalf along with any confirmation numbers.
3) Proof via actual Bank Documents, Statements, and Confirmation Numbers that the disputed $10,250 amount was actually DEPOSITED into a Bank Account bearing my name, as well as the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that received the disputed funds on my behalf.
4) Proof via a copy of both the Front and Back of the actual Check that was issued to the consumer in the amount of $10,250 and proof that the Check was actually cashed. Please also provide the Bank, Bank Address, Bank Routing Account Number, and Bank Account Number that the check was deposited into.

5) Proof that the Creditor and/or CRA timely and fully complied with all Federal and State "Notice", "Service", "Reporting" and/or "Timing" requirements associated with both the FCRA and the Maryland Fair Credit Reporting Agencies Act.

6) Proof that the Creditor and/or CRA timely and fully complied with § 605. Requirements relating to information contained in consumer reports [15 U.S.C. § 1681c] regarding this credit account and the disputes of the consumer above and herein.

7) Proof that the Creditor and/or CRA timely and fully complied with § 605B. Block of information resulting from identity theft [15 U.S.C. § 1681c-2] regarding this credit account and the disputes of the consumer above and herein.

8) Proof that the Creditor and/or CRA timely and fully complied with § 607. Compliance procedures [15 U.S.C. § 1681e] regarding this credit account and the disputes of the consumer above and herein.

9) Proof that the Creditor and/or CRA timely and fully complied with § 609. Disclosures to consumers [15 U.S.C. § 1681g] regarding this credit account and the disputes of the consumer above and herein.

10) Proof that the Creditor and/or CRA timely and fully complied with § 611. Procedure in case of disputed accuracy [15 U.S.C. § 1681i] regarding this credit account and the disputes of the consumer above and herein.

11) Proof that the Creditor and/or CRA timely and fully complied with § 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n] regarding this credit account and the disputes of the consumer above and herein.

12) Proof that the Creditor and/or CRA timely and fully complied with § 617. Civil liability for negligent noncompliance [15 U.S.C. § 1681o] regarding this credit account and the disputes of the consumer above and herein.

13) Proof that the Creditor and/or CRA timely and fully complied with § 618. Jurisdiction of courts; limitation of actions [15 U.S.C. § 1681p] regarding this credit account and the disputes of the consumer above and herein.

14) Proof that the Creditor and/or CRA timely and fully complied with § 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2] regarding this credit account and the disputes of the consumer above and herein.

Pursuant to the FCRA, the Maryland Fair Credit Reporting Agencies Act, the 5th and 14th Amendment to the U.S. Constitution, and the Maryland Bill of Rights, I demand that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies use Exhibits A-I to CALL ME AT 864-357-4545 AND IMMEDIATELY DELETE & REMOVE THE ABOVE AND HEREIN MENTIONED INACCURATE, FRAUDULENT AND NEGLEGENTLY REPORTED INFORMATION FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS pursuant to the "Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.!!!! See Exhibits A - I.

I also humbly request that the U.S. Consumer Financial Protection Bureau (CFPB) and the Maryland Attorney General immediately INVESTIGATE this issue and the knowingly negative, inaccurate and fraudulent reporting activities of NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies as an act of HARRASSMENT, IDENTITY THEFT, FRAUD & ABUSE of Federal Government funds and irreparable harm against the consumer. 15 U.S.C. § 1681 et seq.; the Maryland Consumer Credit Reporting Agencies Act, Annotated Code of Maryland, Commercial Law Article, § 14-1201, et seq.; and Maryland Consumer Protection Act ("MCPA"), Md. Code (2013 Repl. Vol., 2017 Supp.), §§ 13-101 et seq. of the Commercial Law Article ("C.L.").

**23) BANK OF AMERICA, N.A.** ▮▮▮▮▮▮ **– Account Number:** ▮▮▮▮▮▮

Credit account is accurately reporting… HOWEVER, the "Date of Last Activity" reported is 13 years ago in August 2010, and the last date of reporting was supposed to end in August 2017 pursuant to the FCRA and Maryland Law. As such, why is this PAID, CLOSED and AGED account still being reported on my Credit Report?

Pursuant to the FCRA, the Maryland Fair Credit Reporting Agencies Act, the 5th and 14th Amendment to the U.S. Constitution, and the Maryland Bill of Rights, I demand that BANK OF AMERICA, EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies use Exhibits A-I to CALL ME AT 864-357-4545 AND IMMEDIATELY DELETE & REMOVE THE ABOVE AND HEREIN MENTIONED INACCURATE, FRAUDULENT AND NEGLEGENTLY REPORTED INFORMATION FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS pursuant to the "Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.!!!! See Exhibits A - I.

**24) SYNCB/SAMS CLUB** ▮▮▮▮▮▮ **– Account Number: N/A**

Credit account is accurately reporting… HOWEVER, the "Date of Last Activity" reported is 12 years ago in August 2011, and the last date of reporting was supposed to end in August 2018 pursuant to the FCRA and Maryland Law.  As such, why is this PAID, CLOSED and AGED account still being reported on Credit Report?

Pursuant to the FCRA, the Maryland Fair Credit Reporting Agencies Act, the 5th and 14th Amendment to the U.S. Constitution, and the Maryland Bill of Rights, I demand that SYNCB/SAMS CLUB, EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies use Exhibits A-I to CALL ME AT 864-357-4545 AND IMMEDIATELY DELETE & REMOVE THE ABOVE AND HEREIN MENTIONED INACCURATE, FRAUDULENT AND NEGLEGENTLY REPORTED INFORMATION FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS pursuant to the "Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.!!!! See Exhibits A - I.

**25) SYNCB/BELK -**  ▬▬▬ **– Account Number: N/A**

Credit account is accurately reporting… HOWEVER, the "Date of Last Activity" reported is 18 years ago in April 2005, and the last date of reporting was supposed to end in April 2012 pursuant to the FCRA and Maryland Law.  As such, why is this PAID, CLOSED and AGED account still being reported on my Credit Report?

Pursuant to the FCRA, the Maryland Fair Credit Reporting Agencies Act, the 5th and 14th Amendment to the U.S. Constitution, and the Maryland Bill of Rights, I demand that SYNCB/BELK, EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies use Exhibits A-I to CALL ME AT 864-357-4545 AND IMMEDIATELY DELETE & REMOVE THE ABOVE AND HEREIN MENTIONED INACCURATE, FRAUDULENT AND NEGLEGENTLY REPORTED INFORMATION FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS pursuant to the "Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.!!!! See Exhibits A - I.

**26) SYNCB/ROOMS TO GO**  ▬▬▬ **– Account Number: N/A**

Credit account is accurately reporting… HOWEVER, the "Date of Last Activity" reported is 18 years ago in February 2005, and the last date of reporting was supposed to end in February 2015 pursuant to the FCRA and Maryland Law.  As such, why is this PAID, CLOSED and AGED account still being reported on my Credit Report?

Pursuant to the FCRA, the Maryland Fair Credit Reporting Agencies Act, the 5th and 14th Amendment to the U.S. Constitution, and the Maryland Bill of Rights, I demand that SYNCB/ROOMS TO GO, EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies use Exhibits A-I to CALL ME AT 864-357-4545 AND IMMEDIATELY DELETE & REMOVE THE ABOVE AND HEREIN MENTIONED INACCURATE, FRAUDULENT AND NEGLEGENTLY REPORTED INFORMATION FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS pursuant to the "Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.!!!! See Exhibits A - I.

IV.     **DEFENDANTS' ACTS OF NEGLIGENCE, DEFAMATION, FRAUD AND BAD FAITH REGARDING THE INACCURATE, AGED & DUPLICATE ACCOUNTS AND INFORMATION REPORTED ON THE CREDIT FILE OF LARAY J. BENTON AS REPORTED BY EXPERIAN NATIONAL CONSUMER ASSISTANCE CENTER (EXPERIAN)**

Consumer includes all of the arguments, statements, exhibits, and references from Sections I – III above herein by reference.

Pursuant to the FCRA, the Maryland Fair Credit Reporting Agencies Act, the 5th and 14th Amendment to the U.S. Constitution, and the Maryland Bill of Rights, I demand that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), SYNCB/BELK, BANK OF AMERICA, SYNCB/ROOMS TO GO, SYNCB/SAMS CLUB, EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies use Exhibits A-I to CALL ME AT 864-357-4545 AND IMMEDIATELY DELETE & REMOVE THE ABOVE AND HEREIN MENTIONED INACCURATE, FRAUDULENT AND NEGLEGENTLY REPORTED INFORMATION FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS pursuant to the

"Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.!!!! See Exhibits A - I.

## V.  DEFENDANTS' ACTS OF NEGLIGENCE, DEFAMATION, FRAUD AND BAD FAITH REGARDING THE INACCURATE, AGED & DUPLICATE ACCOUNTS AND INFORMATION REPORTED ON THE CREDIT FILE OF LARAY J. BENTON AS REPORTED BY TRANSUNION CONSUMER SOLUTIONS (TRANSUNION)

Consumer includes all of the arguments, statements, exhibits, and references from Sections I – IV above herein by reference.

Pursuant to the FCRA, the Maryland Fair Credit Reporting Agencies Act, the 5th and 14th Amendment to the U.S. Constitution, and the Maryland Bill of Rights, I demand that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), SYNCB/BELK, BANK OF AMERICA, SYNCB/ROOMS TO GO, SYNCB/SAMS CLUB, EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies use Exhibits A-I to CALL ME AT 864-357-4545 AND IMMEDIATELY DELETE & REMOVE THE ABOVE AND HEREIN MENTIONED INACCURATE, FRAUDULENT AND NEGLEGENTLY REPORTED INFORMATION FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS pursuant to the "Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.!!!! See Exhibits A - I.

## VI.  DEFENDANTS' ACTS OF NEGLIGENCE, DEFAMATION, FRAUD AND BAD FAITH REGARDING THE INACCURATE, AGED & DUPLICATE ACCOUNTS AND INFORMATION REPORTED ON THE CREDIT FILE OF LARAY J. BENTON AS REPORTED BY CORELOGIC & CREDCO

Consumer includes all of the arguments, statements, exhibits, and references from Sections I – V above herein by reference.

Pursuant to the FCRA, the Maryland Fair Credit Reporting Agencies Act, the 5th and 14th Amendment to the U.S. Constitution, and the Maryland Bill of Rights, I demand that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION

ASSISTANCE AGENCY (PHEAA), SYNCB/BELK, BANK OF AMERICA, SYNCB/ROOMS TO GO,

SYNCB/SAMS CLUB, EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS,

CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies use Exhibits A-I to CALL ME AT

864-357-4545 AND IMMEDIATELY DELETE & REMOVE THE ABOVE AND HEREIN

MENTIONED INACCURATE, FRAUDULENT AND NEGLEGENTLY REPORTED INFORMATION

FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS pursuant to the

"Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681

et seq.!!!! See Exhibits A - I.

## VII.    DEFENDANTS' ACTS OF NEGLIGENCE, DEFAMATION, FRAUD AND BAD FAITH REGARDING THE INACCURATE, AGED & DUPLICATE ACCOUNTS AND INFORMATION REPORTED ON THE CREDIT FILE OF LARAY J. BENTON AS REPORTED BY INNOVIS

Consumer includes all of the arguments, statements, exhibits, and references from Sections I – VI

above herein by reference.

Pursuant to the FCRA, the Maryland Fair Credit Reporting Agencies Act, the 5th and 14th

Amendment to the U.S. Constitution, and the Maryland Bill of Rights, I demand that NELNET,

AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION

ASSISTANCE AGENCY (PHEAA), SYNCB/BELK, BANK OF AMERICA, SYNCB/ROOMS TO GO,

SYNCB/SAMS CLUB, EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS,

CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies use Exhibits A-I to CALL ME AT

864-357-4545 AND IMMEDIATELY DELETE & REMOVE THE ABOVE AND HEREIN

MENTIONED INACCURATE, FRAUDULENT AND NEGLEGENTLY REPORTED INFORMATION

FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS pursuant to the

"Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681

et seq.!!!! See Exhibits A - I.

## VIII.   DEFENDANTS' ACTS OF NEGLIGENCE, DEFAMATION, FRAUD AND BAD FAITH REGARDING THE INACCURATE, AGED & DUPLICATE ACCOUNTS AND

**INFORMATION REPORTED ON THE CREDIT FILE OF LARAY J. BENTON AS REPORTED BY LEXISNEXIS**

Consumer includes all of the arguments, statements, exhibits, and references from Sections I – VII above herein by reference.

Pursuant to the FCRA, the Maryland Fair Credit Reporting Agencies Act, the 5th and 14th Amendment to the U.S. Constitution, and the Maryland Bill of Rights, I demand that NELNET, AMERICAN EDUCATOIN SERVICES (AES), PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA), SYNCB/BELK, BANK OF AMERICA, SYNCB/ROOMS TO GO, SYNCB/SAMS CLUB, EQUIFAX, EXPERIAN, TRANSUNION, INNOVIS, LEXISNEXIS, CORELOGIC, CREDCO, and ALL other Credit Reporting Agencies use Exhibits A-I to CALL ME AT 864-357-4545 AND IMMEDIATELY DELETE & REMOVE THE ABOVE AND HEREIN MENTIONED INACCURATE, FRAUDULENT AND NEGLEGENTLY REPORTED INFORMATION FROM MY CREDIT PROFILE WITHIN THE NEXT FIVE (5) BUSINESS DAYS pursuant to the "Expedited Dispute Resolution" procedures of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.!!!! See Exhibits A - I.

IX.   **INACCURATE COLLECTION ACCOUNT FOR HOWARD UNIVERSITY BY CONSERVE**

Most recently, on or about July 11, 2023, Howard University posted a Collections on my credit file for all CRAs in the amount of $17,389.00 and I want to know WHY?????  The last semester I attended Howard was the Fall of 2021... and this was NEVER on my CRA accounts until July 11, 2023??  THIS IS NOT MY ACCOUT NOR DEBT!!! This needs to be resolved ASAP because this issue is both putting my Federal Clearance in jeopardy and it is interfering with my purchase of a home that I'm due to go to closing within the next 30 days.

Please see the screenshot below, the CRA document attached which needs to be immediately resolved from all of my CRA profiles indefinitely.



## X.  DAMAGES & IRREPARABLE HARM AS A RESULT OF THE DEFENDANTS' ACTS OF NEGLIGENCE, DEFAMATION, FRAUD AND BAD FAITH REGARDING THE INACCURATE, AGED & DUPLICATE ACCOUNTS AND INFORMATION REPORTED ON THE CREDIT FILE OF LARAY J. BENTON

As such, the actual damages sustained by the Plaintiffs as a result of the Breach of Contact, Theft,

Breach of Fiduciary Duty, Negligence, Criminal Negligence, and other collective acts of the Defendants

include, but are not limited to:

- Financial monetary loss of $20,000.00 in Earnest Money Deposits due to decreased credit ratings and inaccurate reporting.
- Financial monetary loss in the $596,000.00 appraised market valuation of the Subject Property due to decreased credit ratings and inaccurate reporting. [4]
- Financial monetary loss and Tortious Interference in the $7,800 in monthly income from the Billboard and Cell Tower revenue from the Subject Property due to decreased credit ratings and inaccurate reporting.
- Financial monetary loss and Tortious Interference in the lending of $750,000.00 in capital from Chase Bank for the Acquisition and Development of the Subject Property due to decreased credit ratings and inaccurate reporting.

---

[4] **Fair market value.** The actual loss of the plaintiff, if attributable to the conduct of the defendant, is the fair market value of that which the plaintiff paid for and did not receive. Brown v. Royal Wood, Inc., 119 Ga. App. 564, 168 S.E.2d 211 (1969).

- Financial monetary loss and Tortious Interference with the planned future Planned Unit Development (PUD) Mixed-use rezoning of the property valued in excess of $1,000,000.00 USD due to decreased credit ratings and inaccurate reporting.
- Financial monetary loss and Tortious Interference in the lending of $755,000.00 in capital from Plaintiffs new lender, "Cleared for Closing" for the Acquisition and Development of the Subject Property due to decreased credit ratings and inaccurate reporting.
- Financial monetary loss and Tortious Interference regarding the two separate Realestate appraisals and fees that the Plaintiff paid for to support his cash-out refinance of his two asset properties totaling over $1,000,000.00 in valuation due to decreased credit ratings and inaccurate reporting.
- Financial monetary loss and Tortious Interference with the planned future redevelopment of the site into 250+ Multifamily Apartment units with a planned estimated investment and valuation in excess of $50,000,000.00 due to decreased credit ratings and inaccurate reporting.
- Tortious Interference with Plaintiffs business relationship with Chase Bank due to decreased credit ratings and inaccurate reporting.
- Tortious Interference with Plaintiffs business relationship with Thomas & Hutton Engineering due to decreased credit ratings and inaccurate reporting.
- Tortious Interference with Plaintiffs business relationship with the Hester Family due to decreased credit ratings and inaccurate reporting.
- Tortious Interference with Plaintiffs business relationship with the City of Port Wentworth, GA due to decreased credit ratings and inaccurate reporting.
- Tortious Interference with Plaintiffs business relationship with the State of Georgia due to decreased credit ratings and inaccurate reporting.
- Tortious Interference with Plaintiffs business relationship with Chatham County government due to decreased credit ratings and inaccurate reporting.
- Tortious Interference with Plaintiffs business relationship with the Army Corps of Engineers due to decreased credit ratings and inaccurate reporting.
- Tortious Interference with Plaintiffs business relationship with the U.S. Department of Veteran Affairs due to decreased credit ratings and inaccurate reporting.
- Tortious Interference with Plaintiffs business relationship with the U.S. Department of Treasury.
- Tortious Interference with Plaintiffs business relationship with the U.S. Department of Housing and Urban Development due to decreased credit ratings and inaccurate reporting.
- Tortious Interference with Plaintiffs business relationship with the Savannah Morning News and other local and national media outlets due to decreased credit ratings and inaccurate reporting.
- Tortious Interference with Plaintiffs business relationship with Roberts Engineering due to decreased credit ratings and inaccurate reporting.
- Tortious Interference with Plaintiffs business relationship with Brighton Development due to decreased credit ratings and inaccurate reporting.
- Tortious Interference with Plaintiffs business relationship with MCB Realestate due to decreased credit ratings and inaccurate reporting.
- Tortious Interference with Plaintiffs business relationship with Greenbriar Capital due to decreased credit ratings and inaccurate reporting.
- Tortious Interference with Plaintiffs business relationship with Dorsey Alston Realty due to decreased credit ratings and inaccurate reporting.
- Tortious Interference with Plaintiffs business relationship with Georgia Power due to decreased credit ratings and inaccurate reporting.

- Tortious Interference with Plaintiffs image, brand, and likeness for LaRay J. Benton and LJB Enterprises, LLC due to decreased credit ratings and inaccurate reporting.
- Tortious Interference with Plaintiffs reputation and good name due to decreased credit ratings and inaccurate reporting. [5]
- Mental, emotional, physical pain and suffering
- Negligence [6]
- Criminal Negligence
- Negligent Infliction of Mental, emotional, physical pain and suffering.
- Breach of Duty of Good Faith and Fair Dealing.
- Breach of Fiduciary Duty
- Breach of Contract
- Others to be determined.

---

[5] A tort is the unlawful violation of a private legal right by reason of which some special damage accrues to the individual. Parsons v. Foshee, 80 Ga. App. 127, 55 S.E.2d 386 (1949); First Fed. Sav. Bank v. Fretthold, 195 Ga. App. 482, 394 S.E.2d 128 (1990).

A tort is an injury inflicted otherwise than by mere breach of contract; or, more accurately, a tort is one's disturbance of another in rights which the law has created either in the absence of contract, or in consequence of a relation which a contract has established between the parties. Postal Telegraph-Cable Co. v. Kaler, 65 Ga. App. 641, 16 S.E.2d 77 (1941).

In order for tort action to lie, there must be injury to the plaintiff, i.e., some initiating event which is the result of the defendant's negligence and brings that wrongful conduct to light. Cotton States Mut. Ins. Co. v. Crosby, 244 Ga. 456, 260 S.E.2d 860 (1979).

[6] When mere negligence is relied on, before damages for mental pain and suffering are allowable, there must also be an actual physical injury to the person, or a pecuniary loss resulting from an injury to the person which is not physical; such an injury to a person's reputation, or the mental pain and suffering must cause a physical injury to the person. Kuhr Bros. v. Spahos, 89 Ga. App. 885, 81 S.E.2d 491 (1954), overruled on other grounds, Whiten v. Orr Constr. Co., 109 Ga. App. 267, 136 S.E.2d 136 (1964).

Furthermore, under Georgia law, damages for mental suffering and emotional anguish can be recovered, when there is an intentional infliction of mental distress, without a showing of contemporaneous physical harm. Carrigan v. Central Adjustment Bureau, Inc., 502 F. Supp. 468 (N.D. Ga. 1980). [7] [8]

## XI.   PRAYER

Plaintiff humbly prays for the Honorable Court to making a finding in fact and enter judgment in favor of the Plaintiff for Defamation, Breach of Contract, Breach of Fiduciary Duty, Breach of Duty of Good Faith and Fair Dealing, Theft, Negligence, Tortious Interference, and for aiding and abetting all of those claims herein against all of the Defendants, as well as enforce specific performance of the contractual agreement with the U.S. Department of Education as written and agreed with Plaintiff.

Please direct all alleged creditors, credit reporting agencies, and all of their subsidiaries to IMMEDIATELY update and correct the credit profile of LaRay J. Benton as presented above and herein.


I DO SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE CONTENTS OF THE FOREGOING COMPLAINT AND CERTIFICATE OF SERVICE ARE TRUE AND CORRECT TO THE BEST OF MY PERSONAL KNOWLEDGE, INFORMATION, AND BELIEF.

**Respectfully submitted,**

---

[7] When mere negligence is not relied on, but the conduct complained of is malicious, willful, or wanton, mental pain and suffering may be recovered without the attendant circumstances otherwise required. Kuhr Bros. v. Spahos, 89 Ga. App. 885, 81 S.E.2d 491 (1954), overruled on other grounds, Whiten v. Orr Constr. Co., 109 Ga. App. 267, 136 S.E.2d 136 (1964).

When there is a physical injury or pecuniary loss, compensatory damages include recovery for accompanying "mental pain and suffering" even though the tortious conduct complained of is merely negligent. Westview Cem. v. Blanchard, 234 Ga. 540, 216 S.E.2d 776 (1975).

[8] Petition setting forth alleged torts, and claiming damages generally in named amount, states cause of action for recovery of general damages, nominal damages and punitive damages, as the evidence might show; and is not subject to dismissal as claiming no recoverable damages. Hall v. Browning, 195 Ga. 423, 24 S.E.2d 392 (1943).

Date: 8/23/2023

**LARAY J. BENTON**
1900 Saint Georges Way
Mitchellville, MD. 20721
864-357-4545
laraybenton@gmail.com

## CERTIFICATE OF SERVICE

UNDER THE PENALTY OF PERJURY, I LaRay J. Benton certify that on or about August 23, 2023, I have both faxed and hand delivered a copy of the foregoing complaint to the Consumer Financial Protection Bureau and faxed and/or mailed a copy of this complaint to the following parties:

U.S. CONSUMER FINANCIAL PROTECTION BUREAU
Consumer Complaints Intake
1700 G St. NW
Washington, DC 20552

ANTHONY BROWN, MARYLAND ATTORNEY GENERAL
Consumer Protection Division
200 St. Paul Place
Baltimore, MD 21202

U.S. DEPARTMENT OF EDUCATION
OFFICE OF INSPECTOR GENERAL
Department of Education Building
400 Maryland Ave, SW
Washington, DC 20202

JEFFREY R. NOORDHOEK, CEO
NELNET, INC., NELNET BANK, NELNET BUSINESS SERVICES,
NATIONAL EDUCATION LOAN NETWORK, INC. & ALL SUBSIDIARIES
Lincoln Square
121 S 13th Street
Lincoln, Nebraska
WWW.NELNET.COM

AMERICAN EDUCATION SERVICES (AES)
1200 North 7th Street
Harrisburg, PA 17102
Fax: 717-720-3916
WWW.AESSUCCESS.ORG

PENSSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA)
Office of Consumer Advocacy
1200 North 7th Street
Harrisburg, PA 17102
Fax: (717) 720-3786
WWW.PHEAA.ORG

EQUIFAX INFORMATION SERVICES, LLC (EQUIFAX)
P.O BOX 740241
ATLANTA, GA 30374-0241
WWW.EQUIFAX.COM

EXPERIAN
National Consumer Assistance Center
P.O. Box 4500
Allen, TX 75013
WWW.EXPERIAN.COM

TRANSUNION CONSUMER SOLUTIONS (TRANSUNION)
Two Baldwin Place
1510 Chester Pike
Crum Lynne, PA 19022
WWW.TRANSUNION.COM

INNOVIS CONSUMER ASSISTANCE (INNOVIS)
P.O. Box 530088
Atlanta, GA 30353-0088

LEXISNEXIS CONSUMER CENTER (LEXISNEXIS)
P.O. Box 105108
Atlanta, GA 30348-5108

CORELOGIC FINANCIAL SERVICES
40 Pacifica, Suite 900
Irvine, CA 92618

CREDCO / CORELOGIC
Consumer Services Department
P.O. Box 509124
San Diego, CA 92150

**Respectfully submitted,**

**Date: 8/23/2023**

**LARAY J. BENTON**
1900 Saint Georges Way
Mitchellville, MD. 20721
864-357-4545
laraybenton@gmail.com

98